Argued January 25; modified February 20, 1934

## SUETTER *v.* A. E. KERN & CO. ET AL.

(29 P. (2d) 534)

*Walter L. Tooze,* of Portland (Vinton & Marsh, of McMinnville, on the brief), for appellant.

*Charles T. Haas,* of Portland, for respondents A. E. Kern & Co., A E. Kern, and Fred Harford.

*Isham N. Smith,* of Portland (Platt, Platt, Fales, Smith, & Black, of Portland, on the brief), for respondent United States National Bank.

CAMPBELL, J. This is an action for willful and malicious eviction.

On January 14, 1933, plaintiff filed his original complaint which was superseded by an amended complaint filed on March 15, 1933, in which he alleges that on January 5, 1933, he was in the possession and entitled to remain in the sole and exclusive possession of certain real property known as the Lownsdale farm located in Yamhill county. He describes the property in detail. He then alleges that on the above date defendants, through their duly authorized agents and servants, George W. Manning, sheriff of Yamhill county, and defendant Fred Harford, did then and there wrongfully, unlawfully, maliciously and with force, evict plaintiff and remove plaintiff's personal property and effects from said real premises and placed Fred Harford in possession thereof and that

defendants, through their agents, still hold possession of and have appropriated to their own use and benefit said real premises without compensation to plaintiff for certain labor that he performed thereon.

He further alleges that the premises were especially adapted to the business of plaintiff, the buying, feeding and selling of livestock of all kinds and defendants knew the desire of plaintiff to use said premises for the purpose of his said business. He further alleges that had he been permitted to occupy said real premises, in accordance with his right of possession, he would have realized a profit of approximately $4,000 and that he has been damaged generally in the sum of $5,000. He further alleges that said acts were done maliciously and asks for punitive damages in the sum of $25,000.

On February 4, 1933, defendant bank filed its answer to the original complaint which was, in effect, a general denial and for a further and separate answer and defense alleged in substance that on September 18, 1930, one Nathan Hill and Ida R. Hill, his wife, were the owners of said real property and on that date executed a mortgage thereon to one John Winter Martin and Jenny Martin, which mortgage was duly recorded and afterwards through due assignment became the property of A. E. Kern & Company and that the bank became interested with said A. E. Kern & Company in the ownership thereof; that said note and mortgage were not paid when due and a foreclosure suit was begun, entitled ''United States National Bank of Portland (Oregon), a corporation, and A. E. Kern & Company, a corporation, plaintiffs, v. Nathan Hill and Ida R. Hill, defendants''; that said suit was duly prosecuted to decree and the aforesaid mortgage was foreclosed and the real property therein described was

ordered sold by the sheriff of Yamhill county and the defendants, Nathan Hill and Ida R. Hill, and all persons claiming by, through, or under them were forever barred and foreclosed of all rights, except the statutory right of redemption; that an execution issued on said decree, the said realty was sold according to law and defendant A. E. Kern & Company became the purchaser thereof and a certificate of sale was duly issued to the purchaser; that during the process of foreclosure plaintiff herein, unknown to plaintiffs therein, entered into possession of said real property under some deed or contract executed by Nathan Hill and Ida R. Hill and, at the time of the sale, plaintiff was in possession of said property; that in December, 1932, A. E. Kern, acting as the agent and representative of defendant A. E. Kern & Company, but not as the agent or representative or on behalf of defendant bank, exhibited to the plaintiff herein, the sheriff's certificate of sale issued to defendant A. E. Kern & Company and demanded possession of said real property on behalf of said purchaser; that plaintiff refused to vacate and thereupon defendant A. E. Kern & Company filed in said court and in the aforesaid foreclosure suit its motion for a writ of assistance to dispossess Phillip Suetter, the plaintiff herein, from the aforesaid real property and place said A. E. Kern & Company in possession; that said motion was duly and regularly served on said Phillip Suetter together with the notice of the time and place at which the same was to be heard and upon the hearing of said motion the court duly and regularly made and entered its order for a writ of assistance, a true copy of which is attached to the answer, marked exhibit "A". It further alleged that defendant bank did not join in said application for a writ of assistance, was not notified thereof and had no

notice of the same. That, pursuant to the aforesaid writ, the sheriff of Yamhill county did dispossess said Phillip Suetter, plaintiff herein, from said real property and placed the defendant A. E. Kern & Company in possession thereof in accordance with said writ; that, at the hearing of the motion for the writ of assistance, plaintiff's right of possession to said real property was necessarily adjudicated and determined adversely to plaintiff and that plaintiff cannot now or ought not be permitted to, in this or any other suit, question the correctness of said adjudication.

The copy of the writ of assistance attached to defendant bank's answer appears to be fair on its face and, among other things, recites:

"This matter coming on to be heard * * * upon motion for writ of assistance filed herein by A. E. Kern and Co., one of the plaintiffs above named, there appearing at this time the said A. E. Kern & Company by A. E. Kern, its president and the plaintiffs herein by and through their attorney C. T. Haas, and the defendants Nathan Hill and Ida R. Hill, appearing not, and Phillip Suetter appearing not nor anyone appearing on their behalf nor have any pleadings or counter-affidavits been filed * * * and it appearing to the court from the motion for writ of assistance and the affidavit of A. E. Kern, supporting the same, and from the facts and records in this case originally heard by this court, that A. E. Kern is president of A. E. Kern & Company * * * and that heretofore the plaintiffs herein have filed a mortgage foreclosure suit against the defendant Nathan Hill and Ida R. Hill * * * after trial the court entered an order in favor of plaintiffs foreclosing said mortgage and directing execution to issue upon said decree of foreclosure; that thereafter execution issued * * * directing the sheriff of Yamhill county, Oregon, to enforce the judgment and decree entered in said court * * *. That said writ of execution was received by the sheriff of Yamhill county, September 22, 1932, and that thereafter

he levied on all the defendants' interest of, in or to the property described in plaintiff's motion for writ of assistance * * *. That after duly advertising the same as required by law and by posted printed notices of time and place of sale * * * which said notices of publication and said premises were advertised to be sold at public auction at the courthouse of Yamhill county, Oregon, to the highest bidder therefor on the 29th day of October, 1932, at the hour of 10:00 o'clock a. m., that at said time and place A. E. Kern & Company, a corporation, bid $17,000 for the said premises and being the highest bidder and this being the highest sum bid therefor, the whole of said premises were sold to said A. E. Kern & Company by the sheriff of Yamhill county. That thereafter the said sheriff made a return of said sale to this court and that on December 2, 1932, this court issued an order confirming the sale of the said premises to said A. E. Kern & Company, a corporation.

That on said 2d day of December, 1932, A. E. Kern, president of said A. E. Kern & Company, a corporation, exhibited to Nathan Hill and to Phillip R. Suetter, the Sheriff's Certificate issued to said A. E. Kern & Company * * * said certificate being exhibited to said Nathan Hill and Phillip R. Suetter on behalf of said A. E. Kern & Company * * * advising said Nathan Hill and Phillip Suetter that said A. E. Kern & Company * * * held said premises by virtue of said Sheriff's Certificate and that they demanded immediate possession of said premises.

That by reason of the foregoing the said A. E. Kern & Company and the plaintiffs herein are entitled to the writ of assistance requested and an order of this court for assistance in putting them in full possession of said premises.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the sheriff of Yamhill county, Oregon, at once dispossess Nathan Hill, Ida R. Hill, Phillip Suetter or any other person holding by or through said Nathan Hill and Ida R. Hill from the premises described as: [Then follows a detailed description by metes and bounds of the realty.]

After having dispossessed said Nathan Hill, Ida R. Hill and Phillip Suetter from the premises herein prescribed said sheriff of Yamhill county, Oregon, shall place said A. E. Kern & Company in possession of said premises.''

On February 6, 1933, plaintiff filed his reply. On March 15, 1933, plaintiff and defendant bank stipulated that the answer and the reply thereto should stand to the amended complaint. On March 17, 1933, defendants A. E. Kern et al. filed an answer of the same tenor and effect as the answer of the defendant bank.

To this answer, on March 17, 1933, plaintiff filed a reply which in effect was an admission of all the facts relating to the foreclosure suit and the issuance of the writ of assistance and for a further and separate reply he alleged, in substance, that defendants ought not to be permitted to allege that they acted legally in pursuance to a writ of assistance and ought not be permitted to claim that plaintiff was in any way affected in his right to the possession of the premises by reason of the said writ of assistance because plaintiff was not a party to the foreclosure proceedings and because the defendants were fully advised and knew prior to the filing of said motion and affidavit for said writ of assistance that plaintiff did not hold nor claim to hold possession of said premises subsequent to the sale thereof by the sheriff under any arrangement between himself and Nathan Hill and Ida R. Hill or by or through or under any other person whomsoever except only the defendant, the purchaser of said premises at said sale and because that defendants well knew that the plaintiff claimed the right to possession of said real premises under and by virtue of an oral lease and agreement made by and between the plaintiff

and defendants subsequent to the purchase of said real premises and that said defendants, excepting defendant Fred Harford, with the intent of wrongfully, unlawfully and fraudulently procuring an order of the court in said suit to aid them in their unlawful scheme to dispossess plaintiff and remove his personal effects from said premises in violation of the terms of said lease and agreement between plaintiff and defendants, caused to be filed in said court and suit an affidavit made and executed by their duly authorized agent, namely, A. E. Kern. He then alleges that said affidavit was false and was filed for the purpose of deceiving the court and the said A. E. Kern knew it to be false at the time it was made; that the court was misled and deceived thereby and was induced to and did issue the said order for the writ of assistance referred to in defendants' answer.

He further alleges in effect that, immediately upon the issuance of said writ, he notified all persons concerned with the execution of said writ that he would hold defendants and each and all thereof responsible in damages for his dispossession. This reply is practically the same as was filed to defendant bank's answer.

It appears that on January 2, 1933, plaintiff filed a voluntary petition in bankruptcy in the United States district court of Oregon and on that date was adjudged a bankrupt. In his schedule of assets in said proceeding, he failed to mention any ownership in or to any oral or other lease, which he now claims to have had, to the premises in question.

On January 27, 1933, the first meeting of the creditors in the said bankruptcy proceeding was held. No trustee was appointed at said meeting or at any other

time for the bankrupt estate. On April 4, 1933, the plaintiff was discharged in bankruptcy.

This cause was set for trial on April 6, 1933, a jury selected, and the opening statement made by counsel for plaintiff. On the morning of April 7, 1933, defendants were permitted, over the objection of plaintiff, to file identical supplemental answers in which the bankruptcy proceedings were alleged and also the failure of plaintiff to list in his schedule of assets any of the rights that he now claims in the instant action to have been the owner of at the time he filed his petition in bankruptcy. Thereupon plaintiff filed a demurrer to each supplemental answer on the ground that it did not state facts sufficient to constitute a defense. The demurrers were overruled. Thereupon, plaintiff filed his replies in the form of a general denial and in a further and separate reply alleged that defendants should be estopped from claiming that the plaintiff had no right or claim in or to the oral lease. He also alleged:

"That at all times mentioned in all the pleadings in this action, the defendant A. E. Kern was the agent of and for all the defendants in this action, including the defendant, United States National Bank of Portland, Oregon, and said defendant authorized, directed, ratified and approved each and every act done by said defendant Kern, in connection with all the matters alleged in the amended complaint, the answers of defendants and the replies of plaintiff."

He further pleads that, when he filed his petition in bankruptcy, said A. E. Kern was named and listed as a creditor of the estate; that on the 27th day of January, 1933, pursuant to notice duly given to each and every creditor of plaintiff, a meeting of the creditors of plaintiff was held before the referee in bank-

ruptcy. This meeting was attended by plaintiff in person and was held for the purpose of electing a trustee and for the examination of the bankrupt concerning his estate; that the defendant, through its agent A. E. Kern aforesaid, had due notice of said meeting and an opportunity to attend; that plaintiff was fully examined by said creditors and upon such examination disclosed in detail all of his dealings with defendants above named, including the existence of said oral lease alleged in plaintiff's original reply, the eviction of plaintiff from said premises January 5, 1933, and the pendency of an action upon his part against the above named defendants for damages because of the said eviction and with all that knowledge the creditors decided not to elect a trustee and abandoned all claims which they or the estate of said plaintiff, Suetter, had in and to said lease and said action for damages.

For a further and separate reply he reiterates his bankruptcy and alleges as an excuse for his failure to list the oral lease as an asset of the estate that he had been notified by defendants A. E. Kern & Company that he would be evicted from said premises January 5th, and believing that such eviction would terminate his said oral lease it would be of no value to his estate in bankruptcy and that he did not list his right of action for said wrongful eviction, because that would not accrue until January 5th, the time he should be evicted. He further alleges that he made a full disclosure at the creditors' meeting of his connection with said oral lease and his eviction from the premises.

Upon his reply to the supplemental answer being filed, defendants separately moved for a judgment on the pleadings which motion was allowed by the court and judgment entered in favor of defendants.

From this judgment, plaintiff files this appeal, alleging first: That the court erred in permitting defendants, over the objection of plaintiff, to file the supplemental answers; second, in overruling plaintiff's demurrers to the supplemental answers of defendants; third, in allowing defendants motion for a judgment on the pleadings and in entering judgment dismissing plaintiff's action.

"The plaintiff and defendant respectively, may be allowed on motion, to make a supplemental complaint, answer, or reply, alleging facts material to the case, occurring after the former complaint, answer, or reply." Oregon Code 1930, § 1-912.

Defendants, in the supplemental answer, alleged that they did not know of the facts alleged therein until the evening of April 6, 1933. The bankruptcy petition was filed on January 2, 1933. The bankrupt was discharged on April 4, 1933, two days before defendants filed their supplemental answer. It was not possible for defendants to know all these facts before they filed their original answer. (Defendant bank on February 4, 1933, and the other defendant on March 17, 1933.) Defendant bank had no notice of the meeting of the creditors on January 27th nor were they interested in such meeting. Defendants A. E. Kern & Company and A. E. Kern did not attend said meeting. Until the bankrupt was discharged it was possible that a trustee might be appointed to take over whatever interest plaintiff had in said alleged oral lease. It will not be disputed that defendants herein, if the cause came to trial, could give in evidence the fact that plaintiff did not list his alleged oral lease as one of his assets as an admission against interest. The matter set up in the supplemental answer was not subject to demurrer on the ground that it did not state a defense

to the complaint. It is not necessary that a supplemental answer be a complete defense. It may be plead although constituting a partial defense, just so that the facts alleged therein tend to and do strengthen the material allegations of the answer already filed. Whether it should be permitted to be filed rests largely in the discretion of the court: *May Stores Inc. v. Bishop,* 131 Or. 670 (282 P. 1080). The circuit court did not abuse its discretion in permitting defendant to file their supplemental answer.

■■ The plaintiff makes general allegations in his complaint and reply regarding A. E. Kern being the agent of defendant United States National Bank in the eviction of plaintiff, but admits allegations of the answer of both defendants that contradict and qualify his general allegation. It cannot be said that the pleadings, when read as a whole, show that A. E. Kern had any authority to act or did act as the agent of such defendant or that such defendant ratified any act done by said A. E. Kern. The truth of this more strongly appears when taken in connection with the opening statement of counsel for plaintiff wherein he admits that defendant bank appeared in the foreclosure suit by its attorneys, Platt, Platt, Smith, Fales & Black, and defendant A. E. Kern & Company appeared by its attorney C. T. Haas. In the order for a writ of assistance in that suit and which is the basis for the present complaint, the court recited that the motion for the writ was "filed by A. E. Kern & Company, one of the plaintiffs above named, there appearing at this time, A. E. Kern & Company by A. E. Kern, its president, and the plaintiffs herein by and through their attorney, C. T. Haas". The defendant bank did not appear in that suit by C. T. Haas. There is no suggestion that there was a substitution of attorneys

or that C. T. Haas had any authority to appear for the defendant bank. Counsel for plaintiff herein, in his opening statement, which we have before us, said that when he wrote a letter to defendant bank calling their attention to the fact that Mr. Haas, the attorney for A. E. Kern & Company, had told the sheriff "that the United States National Bank was standing behind this" (meaning the execution of the writ of assistance); that the defendant bank in response thereto wrote the sheriff "calling attention to the letter I had written them and in that letter they said that the writ of assistance is entirely the affair of the A. E. Kern & Company and the United States National Bank had no interest in it and will not save harmless from any liability you may incur". This letter reached the sheriff before plaintiff's eviction. Thus reading the allegations of the answer of defendant bank which are admitted by plaintiff, together with opening statement of plaintiff's counsel, we conclude that the trial court did not err in granting a judgment on the pleadings for defendant bank. We are not concerned with the reasons given by the trial court so long as the conclusion reached is correct.

██ Defendants A. E. Kern et al. are in a different position. These defendants claim that because plaintiff in his petition for bankruptcy did not disclose in his schedule of assets the alleged oral lease he may not thereafter assert any interest arising therefrom.

The authorities seem to agree that where a voluntary petition in bankruptcy is filed with a schedule of assets, made in good faith, and that through inadvertence some property rights have been omitted therefrom, and at a meeting of the creditors, for the purpose of examining the bankrupt and appointing a trustee, a full disclosure is made by the bankrupt of all his

property, whether listed or not, to the referee and the creditors, and the creditors are of the opinion that the assets omitted from the schedule are of doubtful value and with full knowledge of all the assets, do not elect a trustee, title to omitted property does not pass out of the bankrupt. This is the gist of the decisions of the courts as collected and cited in 11 U. S. C. A. under § 110 at page 283, *et seq.*

Where the bankrupt fraudulently conceals any property from the creditors or the trustee, until after his discharge, he may not thereafter assert any claim to or arising out of such concealed property: *First National Bank of Jacksboro v. Lasater,* 196 U. S. 115 (25 S. Ct. 206, 49 L. Ed. 408). The reply of plaintiff to the supplemental answer alleges that plaintiff made full disclosure of all his claims under his alleged oral lease and with that knowledge the creditors did not elect a trustee. These allegations being denied by defendants raise a question of fact to be determined from the evidence and if the evidence is sufficient to make a *prima facie* case on this, as well as the other material allegations of the pleadings of plaintiff, then it becomes a question of fact for the jury to pass upon. The court erred in granting a judgment on the pleadings in favor of defendants, A. E. Kern & Company, A. E. Kern and Fred Harford.

The judgment of the lower court will, therefore, be affirmed as to the defendant United States National Bank and reversed as to the defendants A. E. Kern & Company, A. E. Kern and Fred Harford, and remanded for such further proceedings as are not inconsistent herewith. It is so ordered.

Rand, C. J., Bean and Belt, JJ., concur.