Argued June 9, affirmed as modified June 23, 1965

# BROWN *v.* MEDO LAND CREAMERY CO. ET AL

### 403 P. 2d 383

*Frank E. Bocci,* Eugene, argued the cause and filed a brief for appellant.

*James C. Goode,* Albany, argued the cause for respondents. With him on the brief were Goode, Goode & Altman, Albany.

Before MCALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

SLOAN, J.

Plaintiff brought this action charging defendants with unfair price discrimination. Immediately prior to filing this action plaintiff had filed a petition for voluntary bankruptcy in the United States District Court for the District of Western Washington. He failed to list the instant chose in action as an asset in the schedule of assets he submitted in the bankruptcy proceeding. The complaint in this action was filed prior to his discharge in bankruptcy.

On the authority of *Suetter v. A. E. Kern & Co.,* 1934, 146 Or 96, 109, 29 P2d 534, 539, the trial court dismissed this action. The *Suetter* case held that: "Where the bankrupt fraudulently conceals any prop-

erty from the creditors or the trustee, until after his discharge, he may not thereafter assert any claim to or arising out of such concealed property: *First National Bank of Jacksboro v. Lasater,* 196 U. S. 115 (25 S. Ct. 206, 49 L. Ed. 408)." 146 Or at 109. And see Annotation at 111 ALR 835. The evidence in this case supports the trial court's finding that plaintiff had fraudulently concealed this chose in action.

■ The *Suetter* case also answers plaintiff's argument that defendants had waived the issue by the alleged dilatory filing of supplemental answers which for the first time alleged the facts which caused the court to dismiss this action. The trial court acted within the limits of discretion when the supplemental answers were permitted to be filed.

■ The judgment entered in this case dismissed the action with prejudice. The judgment is not a bar to any action that might be brought by a trustee in the event the bankruptcy proceedings were reactivated or by any other proceeding that may be available to plaintiff's creditors. *In re Thomas* (7th Cir USCA 1953), 204 F2d 788. The judgment will be modified to be with prejudice to plaintiff only. Otherwise the judgment is affirmed.