# FIRST NATIONAL BANK OF JACKSBORO *v.* LASATER.

ERROR TO THE COURT OF CIVIL APPEALS OF THE SECOND SU-
PREME JUDICIAL DISTRICT OF THE STATE OF TEXAS.

No. 73. Submitted December 6, 1904.—Decided January 3, 1905.

The payment referred to in § 5198, Rev. Stat. is an actual payment and
not a further promise to pay and the mere discharge of the maker of a note
by his giving his own note in renewal thereof will not uphold a recovery
against the bank on account of usurious interest in the former note.

While a trustee in bankruptcy is not bound to accept property of an onerous
or unprofitable character, and in case he declines to take it the bankrupt
may assert title thereto, he is entitled to be informed of the property and
have a reasonable time to elect whether he will accept it or not.

If a claim owned by a bankrupt is of value his creditors are entitled to it,
and he cannot, by withholding knowledge of its existence from the trustee,
after obtaining a discharge of his debts, immediately assert title to and
collect the claim for his own benefit.

THIS case is here on error to the Court of Civil Appeals of
the Second Supreme Judicial District of the State of Texas.
It was an action brought in the District Court of Jack County
by J. L. Lasater to recover from the First National Bank of
Jacksboro twice a sum claimed to have been paid as usurious
interest.

The material facts are as follows: J. L. Lasater and W. M.
Maggard, as partners, borrowed of the bank $4,000, and exe-
cuted their joint note with A. M. Lasater as surety. They
also mortgaged cattle as further security. Subsequently Mag-
gard sold all his interest in the mortgaged property to J. L.
Lasater, the latter assuming all liabilities and renewing the
note with the same surety. Thereafter A. M. Lasater, the
surety, bought all the mortgaged cattle and, as part of the
consideration, agreed to assume and pay off the note. In
pursuance of this agreement he took up the note of J. L. Lasater
and gave his own note therefor. This last note A. M. Lasater
paid in full to the bank. After all these transactions, and on
November 19, 1900, J. L. Lasater filed his petition in bank-

ruptcy in the District Court of the United States. On January 7, 1901, he was discharged of his debts, and on June 11, 1901, the trustee was also discharged of his trust. The bankrupt returned no assets to the trustee and did not tell him or the creditors about this claim for usury.

On July 26, 1901, he brought this action, under the authority of section 5198, Revised Statutes, United States, to recover twice the amount of the interest paid to the bank. The Court of Appeals found that part of the interest was paid more than two years prior to the commencement of the action, and held that no recovery could be had as to that, but, reversing the District Court, entered a judgment in favor of the plaintiff for double the amount of the balance of the interest, on the ground that usury entered into it all.

Section 5198, Revised Statutes, provides:

"The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same; provided such action is commenced within two years from the time the usurious transaction occurred."

*Mr. J. W. Nichol, Mr. Thomas D. Sporer* and *Mr. E. W. Nicholson* for plaintiff in error:

A bankrupt cannot hold an asset of any kind or sort or any chose in action and conceal it from his creditors and trustee and elect after he had been divested of his title to resume the ownership of it, sue for it, and recover it, and then when his creditors would demand what was their own fly his discharge in bankruptcy in their faces.

Here is an instance of a man concealing a claim, which if valid under the facts—and we believe it is not—of right belonged to his creditors, getting a discharge, and being free from all his debts, immediately upon a release from all liabilities bringing a suit to recover what was not his own. He is not in a postion to claim benefits until he has purged himself from all fraud. *Herndon* v. *Davenport,* 7 Texas, 462; *Jones* v. *Byron,* 57 Texas, 43; *Connor* v. *Express Co.,* 42 Georgia, 37.

Under § 70 of the Bankrupt Act of 1898 this claim passed to the trustee. *Monongahela Bank* v. *Overholt,* 96 Pennsylvania, 327; *National Bank* v. *Trimble,* 40 Ohio St. 629; *Clark* v. *Clark,* 17 How. 315; *Rand* v. *Iowa Central,* Am. Bank. Rep., Sept. 1904, 164; *Sessions* v. *Romadke,* 145 U. S. 29; *Sparham* v. *Yerkes,* 142 U. S. 7; *Dushane* v. *Beall,* 161 U. S. 513, distinguished.

Courts never look with leniency on the concealment of assets and will not allow them to be retained when the right to their ownership was questioned. *In re Paine,* 127 Fed. Rep. 246; *In re Morrison,* 127 Fed. Rep. 186; *Re Fiergenbaum,* 121 Fed. Rep. 69; *Fowler* v. *Jenks,* 95 N. W. Rep. 887.

The almost uniform rule is that having been once divested by bankruptcy proceedings concealed assets do not revest after discharge. *Sernby* v. *Norman,* 91 Mo. App. 517, citing *Malone* v. *Martin,* 5 S. W. Rep. 909; *Pickens* v. *Dent,* 106 Fed. Rep. 653; *Vandyke* v. *Shyrer,* 98 Indiana, 126; *Boyd* v. *Adams,* 82 Indiana, 294; *Seaton* v. *Hinsman,* 50 Iowa, 395; *Dessau* v. *Johnson,* 66 How. Prac. 5; *Atwood* v. *Thomas,* 60 Mississippi, 162; *Peters* v. *Wallace,* 4 S. W. Rep. 914; *Foraast* v. *Hyman,* 28 N. E. Rep. 801; *contra Frazier* v. *Desha's Admr.,* 40 S. W. Rep. 678.

There was no appearance or brief filed for defendant in error.

Mr. JUSTICE BREWER, after making the foregoing statement of facts, delivered the opinion of the court.

The mere discharge by A. M. Lasater of the note executed

by himself and J. L. Lasater, by giving his own note in renewal thereof, would not uphold a recovery from the bank on account of usurious interest in the former note. *Brown* v. *Marion National Bank*, 169 U. S. 416. The payment contemplated by the statute is an actual payment, and not a further promise to pay, and was not made until the bank, in June, 1901, received its money. Prior to the renewal by A. M. Lasater, in October, 1900, there were only two or three small cash payments on the indebtedness.

We shall not stop to inquire whether J. L. Lasater can avail himself of the final payment made by A. M. Lasater. The Court of Appeals held that he could, reaching this conclusion on the authority of cases like *Hough* v. *Horsey*, 36 Maryland, 184; *Richardson* v. *Baker*, 52 Vermont, 617, to the effect that the grantee of mortgaged property, who in consideration of the purchase agrees to pay off the mortgage, cannot raise the question of usury, that being a personal right of the original debtor.

The Court of Appeals also held that the claim for usurious interest was one which survived the death of the person in whom the right of action was vested, and under the laws of Texas a part of his estate, and consequently one that could be sold and bought like any other chose in action. If so, that claim passed to the trustee in bankruptcy under section 70 of the bankrupt law, which, in describing the property passing to the trustee, names "property which prior to filing of the petition he could by any means have transferred."

The question then presented is whether this right of action having once passed to the trustee in bankruptcy was retransferred to J. L. Lasater upon the termination of the bankruptcy proceedings, he having returned no assets to his trustee, and having failed to notify him or the creditors of this claim for usury, and beginning this action within less than two months after the final discharge of the trustee. We have held that trustees in bankruptcy are not bound to accept property of an onerous or unprofitable character, and that they have a

reasonable time in which to elect whether they will accept or not. If they decline to take the property the bankrupt can assert title thereto. *American File Company* v. *Garrett*, 110 U. S. 288, 295; *Sparhawk* v. *Yerkes*, 142 U. S. 1; *Sessions* v. *Romadka*, 145 U. S. 29; *Dushane* v. *Beall*, 161 U. S. 513. But that doctrine can have no application when the trustee is ignorant of the existence of the property and has had no opportunity to make an election. It cannot be that a bankrupt, by omitting to schedule and withholding from his trustee all knowledge of certain property, can, after his estate in bankruptcy has been finally closed up, immediately thereafter assert title to the property on the ground that the trustee had never taken any action in respect to it. If the claim was of value (as certainly this claim was according to the judgment below) it was something to which the creditors were entitled, and this bankrupt could not, by withholding knowledge of its existence, obtain a release from his debts and still assert title to the property.

> *The judgment of the Court of Civil Appeals is reversed, and the case remanded to that court for further proceedings not inconsistent with this opinion.*