## In re WATTLEY.

### In re CRANE.
### No. 104.

Circuit Court of Appeals, Second Circuit.
Jan. 9, 1933.

S. Michael Ress, of New York City, for bankrupt-appellant.

Rothwell, Harper & Matthews, of New York City, for trustee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The bankrupt has appealed from an order of the District Court which affirmed two orders of the referee. One such order authorized the trustee to abandon certain securities which had become a part of the estate in bankruptcy and to deposit them in the files of the court until further order. It read: "Ordered, that Frederick R. Crane, Esq., the trustee herein, be and he hereby is authorized to abandon the said securities mentioned in the said petition and to place the same in the files of this court, there to remain until further order of this court." The other denied a motion for resettlement so as to provide that said securities be turned over to the bankrupt.

It is now claimed that, although the trustee was authorized to abandon the securities, the fact that the order provided for their deposit in the files of the court until further order operated as a condition upon the abandonment; that consequently they have not been abandoned, but are still in some way a part of the estate in bankruptcy. The administration of the estate has been completed and the bankrupt discharged. The case of In re Lighthall (D. C.) 221 F. 791, is relied on in support of what is apparently the claim that, if the securities should ever become valuable, the estate might be reopened.

We need not now consider any right to reopen the estate. No one cares to do that or even asserts that there is a reasonable possibility that there would, if the stock remained in the files, ever be any occasion to reopen it.

It appears that these securities are in the form of stock in National Drug Stores Corporation; that in 1924, before his bankruptcy, the bankrupt began a stockholder's action against the corporation and its directors in the Supreme Court of New York, New York county, and that this action, though it has since lain dormant, is still pending; that the corporation went into receivership, and that the only value the stock can ever have will come from that suit; that the trustee never has been willing to prosecute the suit; and that the only unpaid creditor of the bankrupt is one of the defendants he sued.

We must decide first whether the trustee did abandon this stock. As to that there seems to be no doubt that he did. He considered it worthless; asked leave to abandon it; was authorized to do so; was directed to deposit it in the files of the court; complied; and thereafter proceeded to wind up his trusteeship as though the stock formed no part of the bankrupt's estate. This points clearly to his intention to relinquish whatever title he had as trustee.

The second question is whether, after the court permitted the trustee to abandon the stock, it had the power to withhold it from the bankrupt. As to this we think not, for when property is abandoned the bankrupt may reassert whatever title he had before bankruptcy. First National Bank v. Lasater, 196 U. S. 115, 116, 25 S. Ct. 206, 49 L. Ed. 408; Remington on Bankruptcy (4th Ed.) § 1157.

Order reversed, with directions to deliver the securities to the bankrupt.