## In re KIRK.
### No. 17178.

District Court, W. D. Pennsylvania.
Jan. 18, 1933.

Jacob H. Sherrard, of Uniontown, Pa., trustee in bankruptcy.

Isidore M. Goldsmith, of Pittsburgh, Pa., for trustee in bankruptcy.

J. G. Carroll, of Uniontown, Pa., referee in bankruptcy for Fayette county, Pa.

GIBSON, District Judge.

The trustee, in petition to the referee, asserted that a certain piece of real estate owned by the bankrupt was so incumbered by liens as to make it worthless to the estate in bankruptcy, and prayed the referee to call a meeting of the creditors to determine whether or not the property should be relinquished. The referee refused to grant the petition and ordered the trustee to make sale of the property. The trustee has caused the matter to be certified to this court for review.

It is apparent that the referee's action was based upon what we conceive to be his misinterpretation of certain language used by Mr. Justice Roberts in his opinion in Isaacs v. Hobbs Tie & T. Co., 282 U. S. 734, 739, 51 S. Ct. 270, 272, 75 L. Ed. 645, which is as follows: "The jurisdiction in bankruptcy is made exclusive in the interest of the due administration of the estate and the preservation of the rights of both secured and unsecured creditors. This fact places it beyond the power of the court's officers to oust it by surrender of property which has come into its possession. Whitney v. Wenman, 198 U. S. 539, 25 S. Ct. 778, 49 L. Ed. 1157; In re Schermerhorn (C. C. A.) 145 F. 341. Indeed, a court of bankruptcy itself is powerless to surrender its control of the administration of the estate. U. S. Fidelity & G. Co. v. Bray, 225 U. S. 205, 32 S. Ct. 620, 56 L. Ed. 1055."

In the case mentioned, the question before the court was one of conflicting jurisdiction between the bankruptcy court and certain other courts. As we conceive it, the idea which Mr. Justice Roberts sought to convey was not that all property of the bankrupt, onerous or otherwise, must be administered by the bankruptcy court, but was that the bankruptcy court could not devolve upon other courts matters which were within its own peculiar jurisdiction. The original Bankruptcy Act did not mention burdensome property. The English bankruptcy law did mention it and authorized the trustee to disclaim it. The bankruptcy courts of the United States have been universally following the English practice in respect to burdensome property.

By the Act of May 27, 1926, section 64a of the Bankruptcy Act (44 Stat. 666, 11 US CA § 104(a) was amended. That section, after the direction to the effect that the court shall order the trustee to pay all taxes legally due, contained the following proviso, which is the subject of the amendment: "Provided, That no order shall be made for the payment of a tax assessed against real estate of a bankrupt in excess of the value of the interest of the bankrupt estate therein as determined by the court."

This language is an indirect enactment of the English statute, and recognizes the rulings of the federal court in respect to burdensome property.

The right of trustees in bankruptcy to refuse to accept property of an onerous or unprofitable character has been directly asserted by the United States Supreme Court. See First National Bank v. Lasater, 196 U. S. 115, 25 S. Ct. 206, 49 L. Ed. 408.

The order of the referee must be reversed and set aside.