## In re FERRIBEE.
### No. 6334.

Circuit Court of Appeals, Seventh Circuit.
Dec. 14, 1937.

263

Heber T. Dotson, of Chicago, Ill., for appellant.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

SPARKS, Circuit Judge.

The bankrupt appeals from an order entered May 1, 1937, denying his petitions: (1) To reopen his estate in bankruptcy and refer the matter generally and specially to a referee in bankruptcy; and (2) to enter a judgment against the Boulevard Building Corporation in the amount of $17,000 nunc pro tunc as of August 3, 1927.

As grounds for the relief prayed in his first petition, filed April 9, 1937, appellant set up the facts that he had been a bankrupt since May 17, 1927. He had scheduled as his assets a claim for a 99-year lease on an apartment in a building located on South Parkway, and a claim for commissions due from the corporation owning the building, for the sale of other apartments located therein. Considerable litigation was had in the state courts involving both claims, most of which was dismissed for want of prosecution on the part of appellant. He states

that the reason for such apparent abandonment of his claims lay in the fact that he had been advised by counsel that once he was declared a bankrupt, he was civilly dead, and without right or power to prosecute any "rights or assets belonging to his bankrupt estate."

After appellant's adjudication in bankruptcy, a trustee was appointed for his estate. He reported that the assets were of no value, and resigned on June 13, 1928. The bankrupt applied for his discharge but, being unable to pay the costs of the proceeding, he was never granted a discharge. Subsequently, condemnation proceedings were instituted in the District Court involving the property of the corporation against which his alleged claims arose. Appellant states that he is under the impression that he cannot press those claims in the condemnation suit unless the court reopens his bankruptcy proceeding as here prayed, in behalf of himself as well as of certain creditors whose claims were scheduled in that proceeding.

The petition for the entry of a judgment nunc pro tunc as of August 3, 1927, against the building corporation in the amount of $17,000, is based on a finding of a special master in his report filed September 9, 1927, in the bankruptcy proceeding, to the effect that "Counsel for the Receiver of the building corporation in the State Court admitted before me that there was due, substantially, $17,000 from the corporation to Ferribee."

The Court in its order of May 1, 1937, from which this appeal is being prosecuted, held that the purported admission of counsel for the receiver of the corporation could not be the basis for the entry of the nunc pro tunc order for the reason that neither the receiver nor his counsel was an officer or agent of the corporation, and his admission was ineffective to bind the corporation, or support the bankrupt's motion for summary judgment, and that the Court had no jurisdiction of the corporation for the purpose of entering the judgment. The Court then proceeded to incorporate in his order the facts regarding appellant's participation in the condemnation proceedings, taking judicial notice of them because of the fact that the case was then pending before him. He states that appellant, on March 3, 1937, filed his petition in the cause in his individual capacity, asserting his claim for the $17,000 together with his claim for the 99-year lease, praying that the two claims be

adjudged to be a prior lien on the real estate. His petition and the answers of the United States, and of the receivers of the bank interested in the real estate, were referred to a special master who took evidence thereon and reported on March 11, 1937, that appellant had sought to enforce his two claims in four separate proceedings in the state and municipal courts, in all of which decrees had been entered either dismissing them for want of prosecution or finding against him on the merits. Upon hearing by the Court of objections to the master's report, he found that appellant did not have the 99-year lease upon which one of his claims was predicated, and had no right, title or interest in the property claimed, and further, that appellant had no claim to the fund deposited in the condemnation proceeding, or any part thereof. The order of distribution theretofore entered on November 27, 1936, was confirmed by order of March 23, 1937, and costs of $150 taxed against appellant. He has taken an appeal from this order of March 23, but is holding it in abeyance, by leave of this court, until decision of the case at bar.

The order of May 1, further found that the claim for $17,000 and for the 99-year lease did not constitute valid assets of the bankruptcy estate, and that it would serve no useful purpose to refer the petition to a referee or to appoint a trustee or to further litigate the claims. This petition, and the one of April 23, praying the entry of judgment for $17,000, were both, therefore, denied.

■ Section 2 (8) of the Bankruptcy Act (11 U.S.C.A. § 11 (8) invests courts of bankruptcy with jurisdiction to reopen estates whenever it appears that they were closed without being fully administered. However, the granting or denial of an application to reopen an estate is addressed to the sound discretion of the District Court (In re Schreiber, 2 Cir., 23 F.2d 428; In re Leigh, 7 Cir., 272 F. 678), and is never to be considered as a matter of course or of right. Under the facts presented in this case we are of the opinion that the *granting* of the petition to reopen would have been an abuse of discretion, rather than the *denial* of it. No necessity existed for the allowance of such relief. Upon the abandonment of the assets by the trustee by leave of court, and the trustee's discharge in 1928, the bankrupt was entitled to reassert title to those abandoned assets, advice of his counsel notwithstanding. See First National Bank v. Lasater, 196 U.S. 115, 25 S.Ct. 206, 49 L. Ed. 408; In re Wattley, 2 Cir., 62 F.2d 828; In re Webb, 4 Cir., 54 F.2d 1065; Mills Novelty Co. v. Monarch Tool & Mfg. Co., 6 Cir., 49 F.2d 28. Appellant apparently was aware of the law in this respect, as indicated by the fact that on March 3, 1937, prior to the filing of the two petitions in this case, he filed his claim, based on the same facts, in the condemnation proceeding. It was not until after the Court had ruled against him in that proceeding, by decree of March 23, 1937, that he sought leave to reopen the bankruptcy proceeding. We therefore hold that there was no error in the denial of the petition to reopen the estate.

■ Appellant also argued that in the absence of objection or counter-affidavit to his motion for a summary judgment nunc pro tunc against the building corporation, the Court had no right to go outside the record and take judicial notice of facts in another case, even though that case was then pending before it, when no interested party requested that he do so. Aside from the fact that we see no reason why the Court should be expected to blind itself to facts well known to it, under the facts here presented, we are at a loss to know what interested party could have filed such objection or counter-affidavit. There is nothing of record to indicate that notice was served on the corporation against which the judgment was sought, and apparently what appellant expected was an ex parte judgment in his favor. We are not enlightened as to the theory on which jurisdiction over the alleged debtor was supposed to arise. Of course, the claim asserted is one of a class as to which the debtor would be entitled to a plenary action, and the state statute, Smith-Hurd Ill.Ann.St. c. 110, § 181, and bankruptcy Order No. 37, 11 U.S.C.A. following section 53, both of which are set out in appellant's brief, are in no way applicable to the facts here presented. Hence there was no error in the action of the Court in denying the petition for entry of the judgment against the corporation.

Decree affirmed.