**FERRIBEE v. ALBERS.**

No. 6417.

Circuit Court of Appeals, Seventh Circuit.

May 20, 1938.

Rehearing Denied July 7, 1938.

Heber T. Dotson, of Chicago, Ill., for appellant.

Norman C. Barry, James D. Murphy, and Morris S. Bromberg, all of Chicago, Ill., for appellees.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

This appeal is from a decree finding that appellant had no right, title or interest in certain real property which was the subject of condemnation proceedings brought by the United States, hence that he had no valid claim against a fund deposited by the United States in payment for the condemned property.

On April 30, 1935, the Government filed its amended petition for condemnation of the premises here involved, a parcel of land improved with an apartment building, located on South Parkway in the city of Chicago. The petition named the owners of the property, subject to certain liens arising out of certain specified interests, including the interest, if any, of appellant, and prayed that all persons having or claiming such interests, be made parties defendant, and that process issue against them. November 27, 1936, by stipulation of the United States and appellees, the court ordered that title vest in the United States, and that the sum of $108,330 (theretofore deposited in the court as just compensation for the taking) be awarded for distribution among the persons found to be entitled to it. On the same day a further order was entered dismissing the cause as to all the defendants named in the proceeding except appellees here. These appellees are the owners of the fee title to the property, and the owners and holders of mortgage bonds secured by trust deeds thereon.

On February 9, 1937, appellant filed his motion for leave to file appearance in the proceedings and a petition praying that he be decreed to own and have a 99-year lease to an apartment in the condemned building, and to have a claim for $30,960 as a prior lien against the realty, and that he be paid that sum, plus the appraised value of the

99-year lease and the sum of $4,000 paid by him for the apartment and lease. The motion for leave to file the petition was denied on February 10. However, when appellant appeared on February 23, prepared to file an appeal from the order of denial, in accordance with his notice theretofore served, the order denying leave to file the petition was vacated, on motion of appellees, and appellant was thereupon granted leave to file his petition instanter, and appellees were granted leave to file answer, which they did on the same day. The petition and answers were referred to a special master who set the matter for hearing on February 26, upon representations of respondents of the need for a speedy hearing in order that final disposition of the main case might be had. On February 26, appellant secured a continuance to March 2, being informed by the master that he would be expected to be ready for trial on that date. On March 2, however, counsel for appellant asked for a further continuance, claiming that it had been impossible for him to prepare his case by that time. Upon respondents' objections to further delay, the master directed the parties to proceed with the hearing, and respondents introduced evidence in support of their answers, but appellant introduced no evidence in support of his petition, although he was present at the hearing. On March 11, the master filed his report recommending the dismissal of appellant's petition, and on March 23, the court overruled appellant's objections to the report and approved it, ordered the denial of the petition, and taxed the costs in the amount of $150 for the master's hearing against appellant. It is from this order that the appeal is prosecuted.

Appellant's petition alleged that he and his wife, in June 1924, purchased a co-operative apartment for $4,000, paying $1,-440 in cash, and taking possession of the apartment; that the balance was to be paid out of commissions earned by him for the sale of other apartments in the same building; that the ownership of the apartment was to be evidenced by 40 shares of stock in the corporation, and by a 99-year lease; that the stock certificate and lease were issued to them but loaned by them to the manager to be shown to other prospective purchasers, and never returned to them; that in May 1927, appellant and his wife filed their petitions in bankruptcy, scheduling as their assets the interest in the apartment; that during the course of hearings in

their bankruptcy proceedings it was admitted by one whom he describes as "the owner of the corporation" that there was due appellant the sum of $17,000 for commissions; that appellant claims homestead in the 99-year lease, and an equity of redemption, and that he has never defaulted in any obligation in connection with his lease; that he was illegally dispossessed of his apartment after his wife's death in 1929; that he has never given his consent to the sale of the building. He therefore prayed that he be decreed to own the 99-year lease, and to have the sum of $30,960 as a prior claim against the fund.

Appellees' answers set up allegations to support pleas of res judicata and the statute of limitations. After hearing all the evidence offered, the master rendered his report finding that the claim as to commissions had first been made at some time prior to May 1927 (the record indicates that the claim accrued, if at all, in 1924 or 1925, when the commissions were alleged to have been earned); that no proof had ever been offered to sustain the fact of a contract for such commissions, or that they had been earned; and that the claim was barred by the statute of limitations, whether it was alleged to have arisen out of an oral or a written contract.

As to the claim for the lease, the master found that if appellant had any standing at all it must be on the theory that he had an interest in real estate; that no lease or other writing purporting to evidence such interest had been introduced in evidence; that appellant himself admitted that he did not have such a lease. (The master called attention to the discrepancy between the claim of the petition that the lease had been issued and returned to the manager of the building, and the allegation set forth in pleadings also under oath, in a series of cases hereafter referred to, that the appellant was entitled to the lease which had never been issued.) Under these facts he found that appellant had never had a lease, and that his claim for one, if any, was barred by the statute of limitations.

The master also found that appellant had sought to establish his claim regarding the lease in at least three other legal proceedings, in all of which he had failed. He incorporated in his report facts showing that proceedings had been started in state or municipal courts, one by appellant and three against him, and that in all, decrees

had been entered either dismissing for want of prosecution or finding against him on the merits. He ruled that the findings in these cases were res judicata as to the claim for the lease.

After the hearing, but before the report of the master was filed, appellant filed a reply to the answer of the United States setting out the fact that he had been adjudicated a bankrupt in May 1927, and a trustee appointed for his estate, and that such trustee was a necessary party to the proceeding. After the master's report was filed, he petitioned the court to reopen his estate in bankruptcy and refer the matter generally to a referee in bankruptcy, and to enter a judgment in the amount of $17,000 nunc pro tunc as of August 3, 1937. This petition was denied by the District Court, and the decree of denial affirmed by this court. See In re Ferribee, 7 Cir., 93 F.2d 262.

Appellant assigns as error the denial of his motion for continuance; denial of jury trial; reference of his petition in an action at law to a master in chancery; the findings of the master which he claims are contrary to the evidence, and in particular, the finding that the orders entered in the state and municipal court proceedings adjudicated his rights, when in fact there was no final decree entered in any of them; the holding that the resignation of the trustee revested title in the estate of the bankrupt in himself.

█ In support of his argument that he was entitled to the continuance requested, appellant refers to No. 59 of the Rules in Equity, 28 U.S.C.A. following section 723, which provides that when reference is made to a master, the party at whose instance it is made shall cause the order of reference to be presented for hearing within twenty days from the time the order was made. He argues that this entitled him to the twenty days. It is to be noted, however, that the rule does not provide that he *must* have twenty days, but that his case must be presented *within* twenty days. Under the facts here presented, where the appellees sufficiently showed the necessity for a speedy hearing, and appellant made no objection to the setting of the date when his first request for a continuance was granted with the understanding that the case must be ready for trial at the date set, we hold that there was no error in the denial of the continuance.

█ Appellant now contends that he was entitled to jury trial of the issues raised by his petition, although it does not appear that he made such demand when it was referred to the master for hearing. It is sufficient to say that the right to jury trial in condemnation cases arises only after issues as to title have been settled and it has become necessary to fix the value of the property condemned. Here the question of title was determined adversely to appellant, and there remained nothing for a jury to try.

█ Appellant cites us no authority in support of his contention that his petition was wrongly referred to a master, and we find no error in the action of the court in ordering the reference, there being no objection at the time.

█ Contrary to appellant's contention that the findings of the master are not supported by the evidence, we find ample evidence in support of the propositions that the claims here sought to be proved were barred by the statute of limitations or had already been adjudicated adversely to appellant. It is unnecessary for us to recite the facts in the record which substantiate the master's rulings to this effect beyond saying that we are convinced that it would have been error for the master to render any other findings than those contained in his report.

Appellant's contention with regard to his status as an undischarged bankrupt, and the necessity of joining the trustee of his bankruptcy estate as a party to the condemnation proceeding, is foreclosed by the holding of this court in Re Ferribee, supra.

Decree affirmed.