GALBRAITH *v.* BAKER *et al.*

(*Knoxville,* September Term, 1951.)

Opinion filed December 14, 1951.

T. M. BLACKBURN, JR., of Knoxville, for appellant.

AMBROSE & WILSON, of Knoxville, for appellees.

Mr. Justice Burnett delivered the opinion of the Court.

This appeal is from the decision of the Chancellor wherein he sustained a demurrer to the original bill. The bill filed by the appellant was to set aside a mortgage foreclosure on property described in the bill, which foreclosure sale was conducted on December 7, 1931; to set aside a decree of the Chancery Court entered on November 18, 1933, wherein a deficiency judgment was entered against the appellant on the mortgage theretofore foreclosed in 1931; to set aside a judgment entered in the Chancery Court of Knox County on December 4, 1942, renewing the deficiency judgment above mentioned; to set aside a judgment of the Chancery Court of Knox County in which a discovery of assets of the appellant was sought and to enforce collection of the deficiency judgment last above mentioned; to set aside a judgment of the United States District Court for the Eastern District of Tennessee, sitting in Bankruptcy, in the voluntary bankruptcy proceeding filed by the appellant, wherein the claim of the defendants, appellees herein, was based on the deficiency judgment before mentioned, which was allowed; to set aside a compromise settlement

of the matters in dispute, entered into between the appellant and his Trustee in Bankruptcy; and to secure a return to the appellant of the property and assets taken in the various proceedings to satisfy the deficiency judgments above mentioned.

The appellees filed a demurrer to this bill which in substance plead (1) former adjudication, (2) laches and estoppel, (3) statutes of limitation, (4) Bankruptcy of the appellant, (complainant below), and (5) compromise settlement.

The Chancellor sustained all grounds of the demurrer. We do not deem it necessary that we take up each of these separate grounds of demurrer and discuss them in this opinion as in our judgment one of the grounds alone, regardless of whether the others should or should not be sustained, sustains the action of the Chancellor below. We have therefore concluded that in sustaining the demurrer on the ground of the bankruptcy of the complainant in the original suit is sufficient answer to this appeal.

The appellant took the position in the bill that as to the first two judgments rendered against him that he was lulled to slumber and persuaded not to defend the suits under which these judgments were obtained by the assurance of the appellee, J. Frank Baker, that these judgments would not be enforced. By an amended bill the appellant, complainant below, says that these various judgments should be set aside because the Trustee in the trust deed did not properly advertise the sale according to the terms of the trust deed and that he, the appellant, complainant below, has only recently learned of this fact. The bill herein was filed on May 10, 1950. The bill avers that the ''complainant had voluntarily petitioned for his discharge in Bankruptcy in the United

States District Court for the Eastern District of Tennessee, Northern Division.'' And that the defendants filed their claim in this voluntary Bankruptcy petition based on these deficiency judgments with interest and that it was allowed by the referee in Bankruptcy. The bill also alleges that an appeal was prayed from this allowance and pending this appeal a compromise settlement was entered into with the Trustee in Bankruptcy.

Section 70 of the Bankruptcy Act, Title 11 U. S. C. A. Section 110, provides in part: ''The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition in bankruptcy, * * * except insofar as it is to property which is held to be exempt, to all * * *; (3) powers which he might have exercised for his own benefit * * * (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered * * *. (6) Rights of action arising upon contracts, or usury, or the unlawful taking or detention of or injury to his property * * *.''

It has been the uniform holding of the courts of this country that a Bankrupt has no right to maintain an action regarding property which has passed to his Trustee in Bankruptcy, unless it has been abandoned by the trustee. *First National Bank of Jacksboro* v. *Lasater*, 196 U. S. 115, 118, 119, 25 S. Ct. 206, 208, 49 L. Ed. 408; *Dean* v. *Shingle*, 198 Cal. 652, 246 P. 1049, 46 A. L. R. 1156. ''If the claim was of value [as certainly it was if the allegations of this bill are to be taken as true as they

are on demurrer], it was something to which the creditors were entitled, and this bankrupt could not, by withholding knowledge of its existence, obtain a release from his debts, and still assert title to the property." *First National Bank of Jacksboro* v. *Lasater,* supra.

There is no allegation in the bill that the Trustee in Bankruptcy had any knowledge of this claim or this property or that he abandoned such. A Trustee may abandon worthless or burdensome assets, and when he does the title revests in the bankrupt on abandonment of the property. 4 Remington on Bankruptcy, 4th Edition, 1943, Section 1407, page 95. It has been held, however, that "the burden of proof  *  *  *  rests heavily upon one who asserts that the trustee, without the permission of the Court, has abandoned or disclaimed property, the retention of which does not involve any considerable burden upon the estate  *  *  *''. *Carter* v. *Rives,* 4 Cir., 9 F. (2d) 62, 63; *Standard Oil & Gas Co.* v. *Logan,* 5 Cir., 92 F. (2d) 28, 31, and abandonment in such circumstances must be predicated on some positive indication of intent to do so, *Tuffy* v. *Nichols,* 2 Cir., 120 F. (2d) 906, 909. Under the averments of the bill in the instant case there is no indication of any abandonment or knowledge of this claim. It seems therefore to us that in the absence of some averment of abandonment or a knowledge of the claim by the Trustee that then clearly the correct inference to draw on a demurrer to the bill is that there was no abandonment or knowledge on the part of the Trustee and that therefore the bankrupt does not have a right to bring this action.

For the reasons above set forth the judgment of the Chancery Court must be affirmed.