**Menander T. CONSTANT, Plaintiff,**
**v.**
**Manuel E. KULUKUNDIS and Aris Onassis, Defendants.**

United States District Court
S. D. New York.

Oct. 20, 1954.

---

**306**

William L. Hughes and Andrew J. Dritsas, New York City, for plaintiff.

Chadbourne, Hunt, Jaeckel & Brown, New York City, By Stanley Law Sabel, New York City, of counsel, for defendants.

EDELSTEIN, District Judge.

The defendants move for summary judgment in an action in which the plaintiff complains of injury resulting from a conspiracy to defraud and seeks equitable relief, including an accounting, as well as damages. The allegations of the complaint are, briefly, as follows: The plaintiff was an officer and stockholder of four corporations of which the defendant Kulukundis was the owner, directly or indirectly, of a majority of stock. The defendants entered a conspiracy "to defraud and ruin" plaintiff and to obtain control of all of the assets of the corporations. In furtherance of such a conspiracy, plaintiff was caused by false representations to execute an assignment of his stock interests to the defendant Kulukundis. Subsequently, plaintiff was obliged to enter bankruptcy proceedings under Chapter XI, 11 U.S.C. § 701 et seq., solely as a result of the conspiracy, for he was not in fact a bankrupt; he was discharged with assets greater than the liabilities claimed and allowed against the estate, after the withdrawal and expunging of large claims prosecuted not in good faith but in furtherance of the conspiracy. The stock which plaintiff assigned to the defendant Kulukundis has been dealt in to his own benefit and defendants have converted the proceeds of such sales to their own use and benefit and have in addition refused to pay plaintiff a sum due him from one of the corporations for commissions. Plaintiff seeks a judgment of accounting and also demands damages.

The basis for the defendants' motion is that the claims are barred by the six year statute of limitations provided for in § 48, subdivision 5 of the New York Civil Practice Act, as an action to procure a judgment on the ground of fraud, and further that the plaintiff may not now assert these claims inasmuch as they arose prior to his bankruptcy and consequently were vested in the trustee, § 70 sub. a of the Bankruptcy Act, 11 U.S.C. § 110 sub, a, 11 U.S.C.A. § 110, sub. a. To meet the statute of limitations argument plaintiff urges that the action is an equitable one to charge defendants as constructive trustees of the property of which he claims to have been defrauded and therefore governed by the ten year statute of § 53 of the Civil Practice Act. To meet the contention that this cause of action is one which passed to his trustee under § 70, sub. a, of the Bankruptcy Act, he urges that this is an action for a "personal tort", under the *proviso* to § 70, sub. a(5), which did not pass to the trustee, "based on defendants' acts in fraudulently securing an assignment and in conspiring to defraud the plaintiff, by asserting and then withdrawing claims in a bankruptcy proceeding which had no foundation in fact or law."

The *proviso* of § 70 sub. a(5) declares: "That rights of action ex delicto for libel, slander, injuries to the person of the bankrupt or of a relative, whether or not resulting in death, seduction, and criminal conversation shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process * * *." Certainly none of these enumerated causes of action has been pleaded and a close scrutiny of the complaint fails to disclose with any clarity what injury to plaintiff's person, feelings or reputation is pleaded. If an equitable cause of action to impress a

constructive trust has been properly pleaded, invoking the ten year statute of limitations, then it is merely an attempt to recover the fruits of property out of which the plaintiff claims he has been cheated in a transaction entered into in the course of his business. The gravamen of the action is fraud and fraudulent conspiracy and " * * * the result is damage by the loss of money belonging to [the] estate, whereby such estate is diminished or lessened." In re Harper, D.C., 175 F. 412, 419. "The damage is to be classed with damage to property, rather than with damage to the feelings or person, and the right to recover it, therefore, on broad grounds, with actions which pass to the assignee, rather than those which do not pass." In re Gay, D.C., 182 F. 260, 263. Cf. Tamm v. Ford Motor Co., 8 Cir., 80 F.2d 723. The allegations of fraudulent securing of an assignment and conspiracy to defraud by asserting claims in bad faith and then withdrawing them appear to be nothing more than steps in the allegations of fraud basic to the pleading of a constructive trust. But, inasmuch as the sum of $1,100,000 in damages is demanded, if plaintiff is seeking to assert a cause of action for damages for an injury sustained by having been forced through fraudulent means into bankruptcy (although technically it was voluntary), the six year statute of limitations would preclude him. Or if he seeks damages for defamation and the destruction of his reputation, though these actions are clearly not pleaded, the one year statute of § 51 of the Civil Practice Act would preclude him. Though the alleged fraudulent conspiracy to embarrass and ruin the plaintiff financially would understandably leave him personally quite aggrieved, nevertheless I fail to understand what "personal tort" within the purview of the § 70 sub. a(5) *proviso* he has pleaded, or what tort he complains of aside from having been defrauded of money and property. And such a cause of action passes to the trustee.

█ It is not contended that the trustee abandoned the claim here pressed, nor is there any indication that he had a purpose to abandon it, in which event the plaintiff may not now assert it. In re Lighthall, D.C. 221 F. 791. Indeed, it appears from exhibits accompanying the motion papers that all of the matters relating to the alleged transfer under duress of the stocks of the four corporations, and the claim for commissions against one of them, were clearly known to the trustee, and he made settlements expressly involving those stocks and plaintiff's right as a creditor for commissions. It is true, however, that no claim against the present defendants was asserted in bankruptcy, and it is conceivable that the trustee had no knowledge of the existence of the claim here pressed against them; but it is conceivable only if the plaintiff withheld such information from the trustee. If he did, he may not now assert the claim. First National Bank of Jacksboro v. Lasater, 196 U.S. 115, 25 S.Ct. 206, 49 L.Ed. 408.

█ Accordingly, the defendants' motion will be granted.