## Berlin v. Provident National Bank

*James B. Mathieu,* for plaintiff.
*Robert McLaurin Boote,* for defendant.

D'ALESSANDRO, *J.,* July 11, 1989 — Before the court comes defendant's, Provident National Bank's, motion for summary judgment. For reasons stated herein, we have granted said motion for summary judgment.

Between the fall of 1979 and the spring of 1981, Michael Berlin and his wife, Sandra, executed a series of loan and mortgage agreements with Provident National Bank, in connection with their business, Hobbyland of Plymouth Meeting.

On July 25, 1983, facing financial difficulty, plaintiff filed for bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania. Plaintiff filed for bankruptcy both individually and for Hobbyland of Plymouth Meeting.

On September 21, 1983, the Bankruptcy Court entered an order of discharge releasing plaintiff from all debts. On September 22, 1983, plaintiff initiated the present action by filing a praecipe for the issuance of a writ of summons. Plaintiff's

complaint consists of one count in trespass, for invasion of privacy, and two counts in assumpsit.

Section 541 of the Bankruptcy Code of 1978, 11 U.S.C. §541(a)(1) (1982) defines property of the bankrupt to include "all legal or equitable interests of the debtor in property as of the commencement of the case."

It is clear to this court that at the commencement of his bankruptcy proceeding, plaintiff knew of this present cause of action. At his deposition, respondent testified that during the first half of 1982, he was absolutely sure that he thought he had a claim against Provident National Bank; that Provident National Bank had wronged him in some way.

The scope of section 541 is broad and includes causes of action. *United States v. Whiting Pools Inc.*, 462 U.S. 198, 205, 103 S.Ct. 2309, 2313, 76 L.Ed 2d 515 (1983).

Respondent argues that his trespass action for invasion of privacy is not an asset, within the meaning of section 541 of the Bankruptcy Code, because a cause of action for damages arising out of a personal wrong suffered by a bankrupt is strictly personal and does not pass to the trustee in bankruptcy. *Re Haensell,* 71 S. 355 (D.C. Cal. 1899).

This proposition was correct under section 70(a) of the Bankruptcy Act of 1898. However, this limited definition was greatly expanded under the Bankruptcy Code of 1978. *U.S. v. Whiting, supra.* In fact, numerous courts have held that under the Bankruptcy Code of 1978, a personal cause of action is encompassed by

section 541. See *Tignor v. Parkinson,* 729 F.2d 977 (4th Cir. 1984) (unliquidated personal injury claim); *Sierra Switchboard Co. v. Westinghouse Electric Co.,* 789 F.2d 705 (9th Cir. 1986) (emotional distress claim); *In re Mills,* 46 Bankr. 525 (S.D. Fla. 1985) (unliquidated personal-injury claim).

Thus, we conclude that respondent's cause of action for invasion of privacy is encompassed by section 541.

As for his assumpsit claims, as well as his trespass action, respondent argues that he in no way concealed these causes of action. However, respondent admits that he did not list these causes of action in his bankruptcy schedule.

In *First National Bank of Jacksboro v. J.L. Lasater,* 196 U.S. 115, 25 S.Ct. 206 (1905), the Supreme Court of the United States stated:

"It cannot be that a bankrupt, by omitting to schedule and withholding from his trustee all knowledge of certain property, can, after his estate in bankruptcy has been finally closed up, immediately thereafter assert title to the property ... If the claim was of value ... it was something to which the creditors were entitled, and this bankrupt could not, by withholding knowledge of its existence, obtain a release from his debts and still assert title to the property."

We find that plaintiff lacks standing to maintain the present action. See *Scharmer v. Carrollton Mfg. Co.,* 525 F.2d 95 (6th Cir. 1975). Accordingly, we have granted defendant's, Provident National Bank's, motion for summary judgment.