[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Richard and Jacqueline Ernst, filed a complaint on March 31, 1990, alleging six counts against defendant, Alan Hertzmark, for breach of contract; breach of fiduciary duty; fraud; detrimental reliance; unjust enrichment and violations of the Connecticut Unfair Trade Practices Act (CUTPA). The plaintiffs also assert counts three through six against defendants, Marktel Realty Group (hereinafter referred to as "Marktel") and ERA Allstate Realty (hereinafter referred to as "ERA"). The plaintiffs allege that the defendant, ERA, was at all times an agent, servant or employee of the defendant, Marktel. The plaintiffs allege that Mr. Hertzmark was a partner of Marktel.
The plaintiffs allege in their complaint that on or about July 1, 1987, they engaged the services of ERA to assist them in locating and purchasing a house in the Naugatuck/Waterbury area. The plaintiffs further state that on or about July 10, 1987, they entered into a written contract with Marktel, through its agent ERA, to purchase a house and property at 41 Crest Drive, Naugatuck, Connecticut (hereinafter referred to as the "property"). The plaintiffs bought this property on or about September 1, 1987, for $159,900.00. The plaintiffs state that they entered into a written contract with Attorney Hertzmark to represent them in the purchase of the property and that Attorney Hertzmark was referred to them by ERA.
The plaintiffs allege that Attorney Hertzmark breached his contract with them by failing to disclose that he was a partner in Marktel; that he failed to represent plaintiffs' best interests; and that he failed to provide adequate legal representation. In their second count, the plaintiffs assert that Attorney Hertzmark breached his fiduciary duty to plaintiffs by failing to disclose his association in Marktel and in failing to disclose that he is a partner, principal, officer, director, shareholder, agent, servant or employee of M.A.T. Associates, a Connecticut partnership or corporation which was a lender of monies to the plaintiffs for the purchase of the property. The plaintiffs allege that Attorney Hertzmark used confidential information obtained during his fiduciary relationship with plaintiffs to advance his own position CT Page 293 and interests and the position and interests of defendant Marktel and M.A.T. Associates. (M.A.T. Associates are not a defendant in this action.) As a result of this breach the plaintiffs allege that they purchased the property in excess of its fair market value.
In the third count the plaintiffs assert that all three defendants fraudulently induced the plaintiffs to purchase the house by falsely and fraudulently representing that the house was in good condition, was structurally complete, that the house did not have any known defects and that the defendants cosmetically improved defects in the house. The plaintiffs assert that they relied upon these misrepresentations to their detriment in the fourth count; that the defendants are unjustly enriched in the fifth count; and that these actions of the defendants constitute unfair or deceptive acts and practices in violation of CUTPA in the sixth count. The plaintiffs allege that these acts caused them to pay an extremely excessive price for the property; suffer great stress resulting in a breakdown of their marriage; and forced them into foreclosure and bankruptcy, thereby losing all the equity they had in their home.
The plaintiffs seek money, reliance and punitive damages, attorney's fees, interest and such other relief as the court deems fair and reasonable.
On April 20, 1989, prior to instituting the present action, the plaintiffs filed a joint petition in Bankruptcy Court (See Bankruptcy case no. 5-89-00456). The plaintiffs included in their schedule of assets an unliquidated claim against Attorney Alan Hertzmark for fraud and misrepresentation in the amount of $160,000.00 and punitive damages. The trustee abandoned the plaintiffs' property and claim against Attorney Hertzmark on August 1, 1989. The plaintiffs were discharged in bankruptcy on August 11, 1989. On August 30, 1989, the plaintiffs brought a complaint against these defendants alleging the same causes of action. The complaint was dismissed for failure to prosecute pursuant to Practice Book 251 on or about January 22, 1992. The plaintiffs then brought this action on March 31, 1992 under Connecticut General Statutes 52-592, the Accidental Failure of Suit Statute.
The defendants, Alan Hertzmark and Marktel (hereinafter referred to as the "defendants") filed an appearance on May 8, 1992. The defendant ERA Allstate Realty has filed no pleadings in CT Page 294 this matter, nor has anyone filed an appearance on its behalf. On October 6, 1992, the defendants filed a motion to dismiss all counts of the complaint directed against Marktel and all counts except the count for fraud and misrepresentation, directed against Attorney Hertzmark. The defendants argue that plaintiffs lack standing to bring this action because of plaintiffs failure to include these counts in their schedule of assets in their bankruptcy proceedings.
A motion to dismiss for lack of subject matter jurisdiction may be raised at any time. LaCroix v. LaCroix, 189 Conn. 685, 87
n. 2, 457 A.2d 1076 (1983); Practice Book 145. "Subject matter jurisdiction cannot be waived or conferred by consent." Demar v. Open Space Conservation Commission, 211 Conn. 416, 424,559 A.2d 1103 (1989). "It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." Gurliacci v. Mayer, 218 Conn. 531, 545,590 A.2d 914 (1991). "It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction." Unisys Corp. v. Department of Labor, 220 Conn. 689, 693, 600 A.2d 1019 (1991). A challenge that the plaintiffs lack standing to bring an action "is a challenge to the subject matter jurisdiction of the trial court. . . ." Nationwide Mutual Ins. Co. v. Pasion, 219 Conn. 764,767, 594 A.2d 468 (1991).
 Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy.
Unisys, supra, 693. Both the plaintiffs and the defendants have filed a memorandum in support of their respective positions as required by Practice Book 143. The defendants have also filed an affidavit of their counsel attesting to the accuracy of the documents from plaintiffs' bankruptcy proceedings, which are attached to their memorandum.
The defendants argue that when the plaintiffs voluntarily filed for bankruptcy all their assets, including these causes of action, became vested in the bankruptcy trustee because the events surrounding the causes of action accrued prior to the petition for CT Page 295 bankruptcy. The defendants further argue that the failure of the plaintiffs to include the claims against Marktel and the claims other than the fraud claim against Attorney Hertzmark prevented the trustee from deciding whether or not to bring these actions on behalf of the estate and therefore, these causes of action still remain the property of the estate and that the plaintiffs lack standing to bring them.
The plaintiffs argue that the trustee of plaintiffs' bankruptcy proceeding was fully and fairly apprised of the nature of plaintiffs' claims and that the plaintiffs did not purposefully or negligently fail to apprise him of the claims. The plaintiffs further argue that since their bankruptcy petition was discharged prior to this action that they had no way of determining all conceivable causes of action, and that the disclosure of facts and circumstances of the events leading up to the cause of action were fully and fairly disclosed to the trustee and that the plaintiffs lack of knowledge of all conceivable causes of action or of all defendants should not prevent these claims. The plaintiffs also arguments the cause of action was abandoned due to the fact that the estate lacked sufficient funds to prosecute. In oral arguments the plaintiffs also argued that the total value of these claims is the same as the claim listed in their schedule of assets, $160,000.00.
Under 11 U.S.C. § 541, entitled "property of the estate", "[t]he commencement of a case. . .creates an estate. Such estate is composed of. . .all legal or equitable interests of the debtor in property as of the commencement of the case." A cause of action is an interest of the estate as set forth in 541(1)(a). See Senate Report No. 95-989. The trustee may abandon any property of the estate that is burdensome or of "inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).
In a Chapter 7 Bankruptcy filing, the debtors must complete a list of their personal property. Section (q) asks the petitioners to state "contingent and unliquidated claims of every nature, including counterclaims of the debtor (giv(ing) estimated value of each)." Under section (q) of plaintiffs Petition for Bankruptcy the only claim listed is an unliquidated claim for fraud and misrepresentation against Attorney Hertzmark for $160,000.00 and punitive damages. On August 11, 1989, the trustee entered his Notice of Proposed Abandonment and abandoned the claim against Attorney Hertzmark stating that the plaintiffs: CT Page 296
 have not been able to find an attorney to represent them. Taking into account the speculative damages, the difficulty of proof, and the difficulty of engaging an attorney for their otherwise no asset estate, the trustee does not believe that this claim has any real value for the estate and proposes to abandon this claim.
On August 30, 1989, nineteen days after the trustee abandoned the claim against Attorney Hertzmark, the plaintiffs retained an attorney and commenced an action against Attorney Hertzmark, Marktel and ERA. In their 16 page, well drafted complaint, the plaintiffs alleged six causes of action against the defendant Hertzmark and four causes of action against the defendants Marktel and ERA.
The doctrine of abandonment only applies where the trustee knows of the existence of the property. When the bankrupt fails to list the asset, he denies the trustee an opportunity to pursue the claim. Moore v. Slonim, 426 F. Sup. 524, 526 (D.C. Conn. 1977), aff'd. 52 F.2d 38 (1972); see also First National Bank v. Lasater, 196 U.S. 115, 25 S.Ct. 206, 49 L.Ed. 408 (1905).
The plaintiffs failed to list in their schedule of assets five claims that they now assert against Attorney Hertzmark and all the claims that they now claim against defendant Marktel. These causes of action are assets of the plaintiffs' estate and their failure to list them with the trustee has denied him the opportunity to pursue these claims for the benefit of the estate. The plaintiffs' oral argument that the claim listed in their schedule of assets was equal in value to the amount the plaintiffs seek in damages today and therefore, there is no attempt to withhold an asset is without merit. It is not the amount sought in the claim that is relevant, but the causes of action claimed. The plaintiffs are not able to present an affidavit or testimony from the trustee that he was aware of the claims against Marktel or the other claims against Attorney Hertzmark.
The plaintiffs have failed to sufficiently disclose all of their causes of action against the defendants, including those against ERA Allstate Realty. The court orders that all of the claims against all defendants, except for the count of fraud against the defendant, Alan Hertzmark, be sent back to the trustee in bankruptcy for said trustee to determine if the estate wishes CT Page 297 to pursue these claims.
The court has taken no action on the defendants' motion to dismiss and the plaintiffs' objection thereto since such motion is premature at this time until the trustee has an opportunity to act as aforesaid.
WILLIAM J. SULLIVAN, J.