[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUN OF DECISION
CT Page 15021
The plaintiff, White Colony Diner, Inc., filed a complaint on May 14, 1999, seeking a declaratory judgment from the court that the plaintiff holds title to a restaurant building located at 625 Chase Avenue in Waterbury, Connecticut, free of the defendant's mortgage on the property. The plaintiff alleges that it is the absolute owner of "a certain diner style restaurant building . . . but not of the land upon which said building is located." (Plaintiff's Complaint, ¶ 1.) On July 24, 1995, the plaintiff sold all of its business assets, including the building, to Andrew J. Candido pursuant to a purchase agreement. The plaintiff conveyed the building to Candido by quit claim deed. The plaintiff entered into a loan and security agreement with Candido as consideration for the purchase of the building. Pursuant to the loan and security agreement, the plaintiff obtained two promissory notes from Candido and a security interest in all of the assets purchased, including the building. The plaintiff and Candido also signed a financing statement that listed all of the assets pledged by Candido, including the building. The deed, loan and security agreement, and the financing statement were filed on the Waterbury land records. Additionally, the plaintiff filed the financing statement with the secretary of state of Connecticut.
Subsequently, on September 18, 1995, Candido mortgaged the building to the defendant, the city of Waterbury, to secure a loan. Candido filed bankruptcy on November 5, 1997, and was discharged of all his debts on March 3, 1998. The plaintiff alleges that Candido was in default of payments on promissory notes to the plaintiff in May 1998, and that he repossessed the building pursuant to General Statute § 42a-9-503.[1]
The plaintiff presently seeks a declaratory judgment that the plaintiff owns the building as personal property free of the defendant's mortgage on the property.
The defendant filed a motion to dismiss on June 25, 1999, claiming that the plaintiff lacks standing and the court lacks subject matter jurisdiction. The defendant also claims that the plaintiff "has neglected to name all parties with an interest in the subject property, a prerequisite for the court's jurisdiction under Connecticut Practice Book § 17-55(4)." (Defendant's Motion to Dismiss.)
The defendant has filed a memorandum of law in support of the motion to dismiss pursuant to Practice Book § 10-31. The plaintiff filed a memorandum in objection to the motion to dismiss and the defendant filed CT Page 15022 a response to the plaintiff's objection to the motion to dismiss.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnik, 244 Conn. 781,787, 712 A.2d 396 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996).
The Connecticut Supreme Court has held that "[i]t is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction. Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has . . . some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy . . . ." (Citations omitted.) Community Collaborative ofBridgeport, Inc. v. Ganim, 241 Conn. 546, 552-553, 698 A.2d 245 (1997).
The defendant argues that the plaintiff lacks standing. because the property in dispute belongs to the bankruptcy estate. Title 11, § 541 (a)(1) of the United States Code provides that commencement of a bankruptcy case creates an estate that includes "all legal or equitable interests of the debtor in property as of the commencement of the case." The debtor in bankruptcy is required to "file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." 11 U.S.C. § 521 (1). "After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554 (a). In the present case, Candido did not include the building in the schedule of assets he filed with the bankruptcy court. Despite Candido's failure to list the building in his schedule of assets, the defendant argues that the building is property of the estate and the trustee must make the decision to pursue or abandon the asset.
The plaintiff contends that Candido did not list the building in the schedule of assets because Candido did not own the building at the time he filed his bankruptcy case. According to the plaintiff, Candido had transferred the property to his "wholly-owned corporation", Bellissimo, CT Page 15023 Inc. on September 18, 1995. (Plaintiff's Objection to the Motion to Dismiss.) The defendant argues that there is no evidence of any transfer of the building from Candido to Bellissimo, Inc. in the Waterbury land records. The defendant has filed an affidavit attesting to the absence of any documents in the Waterbury land records regarding the purported transfer of the building from Candido to Bellissimo, Inc. The plaintiff has not provided any evidence of a transfer of the building from Candido to Bellissimo, Inc. The plaintiff only provided a copy of an assignment of a lease of property at 325 Chase Avenue from Candido to Bellissimo, Inc. This assignment, however, does not reference the building.
The Connecticut Supreme Court and Appellate Court have not addressed the issue of whether the court has subject matter jurisdiction when the case involves property that belongs to a bankruptcy estate. There are a few Superior Court cases that have dealt with this issue. In Ernst v.Hertzmark, Superior Court, judicial district of Waterbury, Docket No. 108449 (January 19, 1993, Sullivan, J.) (8 C.S.C.R. 253), the plaintiffs had previously filed for bankruptcy and they did not list all of the claims they asserted against the defendants in the present case. According to the court, "[a] cause of action is an interest of the estate as set forth in § 541(1)(a)." Id. 255. The trustee may, however, "abandon any property of the estate that is `burdensome or of inconsequential value and benefit to the estate.' 11 U.S.C. [§] 554 (a)." Id.
In the bankruptcy proceeding prior to Ernst v. Hertzmark, supra,8 C.S.C.R. 255, the trustee had abandoned the only claim that the plaintiff had listed against one of the defendants, Attorney Hertzmark. The plaintiff, however, "failed to list in the schedule of assets five claims that they now assert against Attorney Hertzmark and all the claims they now claim against defendant Marktel." Id. The court found that "[t]he doctrine of abandonment only applies where the trustee knows of the existence of the property. When the bankrupt fails to list the asset, he denies the trustee an opportunity to pursue the claim. Moore v. Slonim,426 F. Sup. 524, 526 (D.C.Conn. 1977), aff'd. 52 F.2d 38 (1982); see also First National Bank v. Lasater, 196 U.S. 115, 25 S.Ct. 206,49 L.Ed. 408 (1905)." Id. The court ordered "that all of the claims against all defendants, except for the count of fraud against the defendant, Alan Hertzmark, be sent back to the trustee in bankruptcy for said trustee to determine if the estate wishes to pursue these claims." Id.
In two other Superior Court cases, based on similar reasoning, the court dismissed the cases because the plaintiffs lacked standing. InWillis v. Ribiero, Superior Court, judicial district of Windham at Putnam, Docket No. 043057 (May 30, 1996, Sferrazza, J.), the plaintiff had "never listed the pending civil action against the defendant in his CT Page 15024 schedule of property as required by 11 U.S.C. § 521 (1)." The court stated that "this property remains part of the [estate] unless and until the trustee abandons the law suit back to the debtor." Id. The court listed three ways in which the trustee may abandon property of the estate under 11 U.S.C. § 554. Id. "First, § 554(a) empowers the trustee, after hearing and notice and without court approval to abandon expressly any estate property that lacks substantial value or is burdensome to maintain. Second, § 554(b) allows the Bankruptcy Court to order abandonment after hearing and notice. Third, § 554(c) provides for the automatic abandonment of any unadministered estate property which was scheduled under § 521(1), upon the closing of the estate without court approval or hearing. Any unadministered property which was not abandoned in accordance with any of the three methods described above remains part of the estate under § 554(d)." Id. The court held that "the plaintiff has failed to meet his burden of proving express abandonment back to the plaintiff under § 554(a). Consequently, under § 554(d), this cause of action remains part of the bankruptcy estate and the plaintiff lacks standing to prosecute at this time." Id.
Similarly, in Lenhart v. Cirasulo, Superior Court, judicial district of New Haven at New Haven, Docket No. 336818 (August 21, 1996, Hodgson,J.), the plaintiff failed to list claims asserted against the defendant when he filed bankruptcy. The court stated that "a debtor who fails to list a claim as an asset when he files in bankruptcy may not thereafter pursue the claim for his own benefit unless the trustee has abandoned the claim." Id. The court held that "absent a determination by the trustee that the particular asset at issue should be abandoned, an asset owned by the petitioner at the time of filing remains an asset of the estate and does not revert to petitioner after discharge." Id. The court granted the motion to dismiss on the basis that the plaintiff lacked standing because the claim belonged to the bankruptcy estate, not the plaintiff.
Based on the foregoing analysis, the bankruptcy trustee cannot determine whether to abandon or retain the property for the benefit of the estate when the trustee is not aware of the existence of the property. In the present case, Candido failed to list the building in the schedule of assets in his bankruptcy petition and thereby denied the trustee an opportunity to determine if the building could be used to satisfy claims by Candido's creditors or if the trustee should abandon the property. Additionally, there is a factual dispute as to who owned the property at the time of the bankruptcy filing. The defendant argues that it belongs to the bankruptcy estate and the plaintiff argues that Candido did not own the building when he filed bankruptcy. The bankruptcy trustee should be allowed to determine whether the property belongs the estate. In light of the foregoing, the court is persuaded to follow the CT Page 15025 reasoning and result in Ernst v. Hertzmark, supra, 8 C.S.C.R. 253, and therefore sends the matter back to the bankruptcy court to allow the trustee to make a decision with regard to the proper owner of the building at the time Candido filed bankruptcy. This court will refrain on ruling on the motion to dismiss until the trustee has made a decision as to the disposition of the property at the time Candido filed bankruptcy.
THOMAS G. WEST, J.