MEMORANDUM***
Wayne T. Ziegler appeals from the district court’s Fed.R.Civ.P. 12(b)(6) dismissal of his claims against Bank of America (“the Bank”).
Ziegler admits that he purposely failed to disclose the potential causes of action arising from disputes regarding the Bank’s administration of his accounts on *820 the schedule of assets he filed in connection with his Chapter 7 bankruptcy petition. This breach of his affirmative duty to schedule assets and liabilities estops him from litigating causes of actions concealed from his creditors and the bankruptcy trustee. See First Nat’l Bank of Jacksboro v. Lasater, 196 U.S. 115, 119, 25 S.Ct. 206, 49 L.Ed. 408 (1905). We therefore conclude that the district court did not err in dismissing the four claims relating to Ziegler’s accounts.
Ziegler’s claim alleging a conspiracy between the Bank and the operators of a self-storage facility is identical to a Racketeer Influenced and Corrupt Organizations (“RICO”) claim advanced by Ziegler and dismissed with prejudice in an earlier action against the Bank in the Central District of California. Such dismissal constitutes a final judgment on the merits for purposes of res judicata. See Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002). We conclude that the district court properly dismissed the conspiracy claim as barred by res judicata. See id. at 956.
Ziegler’s claim under RICO arises from the “same transaction or series of transactions” that gave rise to claims dismissed with prejudice in actions in both the Central District of California and the Southern District of Texas. See W. Sys. Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir.1992). We therefore hold that res judicata also bars the RICO claim.
Ziegler’s constitutional challenge to California’s “vexatious litigant” statute, see Cal.Civ.Proc.Code § 391, was never pleaded as an independent cause of action in the district court below. Because the claim is raised for the first time on appeal, we decline to address it. See Bolker v. Comm’r of Internal Revenue, 760 F.2d 1039, 1042 (9th Cir.1985).
Ziegler’s request for publication is DENIED.
The judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.