Terence J. MOORE

v.

Anthony M. SLONIM.

Civ. No. H–76–283.

United States District Court, D. Connecticut.

Feb. 10, 1977.

Terence J. Moore, pro se.

William R. Moller, Hartford, Conn., for defendant.

## RULING ON MOTION TO DISMISS

BLUMENFELD, District Judge.

Plaintiff is a former professor at the Wethersfield School of Law. He filed for and was adjudicated a bankrupt on June 11, 1976. Plaintiff now brings this diversity action against the Acting President of the school alleging that as a result of defendant's misrepresentation and negligence, plaintiff was induced to execute a contract deferring payment of certain back wages for a period of five years. He claims damages for loss of income, insurance, credit rating, and reputation. Defendant moves to dismiss and contends that only plaintiff's trustee in bankruptcy may maintain this suit.[1]

Section 70(a) of the Bankruptcy Act, 11 U.S.C. § 110(a) provides in pertinent part:

> "The trustee of the estate of a bankrupt . . . shall . . . be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition . . . to all of the following kinds of property wherever located . . . (6) rights of action arising upon contracts, or usury, or the unlawful taking or detention of or injury to his property."

The question thus presented is whether plaintiff is suing for an injury to his property or rather seeks damages for personal injury which do not vest in the trustee.

The defendant is alleged to have committed a business tort. Plaintiff had a claim against the school for moneys due and owing. Because of defendant's fraud or negligence, plaintiff was deprived of prompt payment of that debt. Construing plaintiff's complaint liberally as setting forth an action in deceit, it is still clear that the claim passed to the trustee and that plaintiff cannot · bring such an action in this court.

Rights based upon fraudulent misrepresentation or deceit through which the bankrupt incurred losses are injuries to his property and accrue to the benefit of his creditors. *Hermsmeyer v. A.L.D., Inc.,* 239 F.Supp. 740, 742–43 (D.Colo.1964); 4A *Collier on Bankruptcy* ¶ 70.28 at 412–412.1 (14 ed. 1976). Plaintiff in effect alleges that because of defendant's deceit, he did not have the use of money owing him. But as the court noted in *In re Gay,* 182 F. 260 (D.Mass.1910), such money would "otherwise have been available to meet [his] obligations," and so should vest in the trustee. *See also, In re Harper,* 175 F. 412 (S.D.N.Y. 1910). Actions for fraud and misrepresentation on a contract have been consistently held to accrue in favor of the bankrupt's estate. *See, e.g., Gochenour v. Cleveland Terminals Bldg. Co.,* 118 F.2d 89 (6th Cir. 1941); *Tamm v. Ford Motor Co.,* 80 F.2d 723 (8th Cir.1935); *Patton v. Fidelity-Philadelphia Trust Co.,* 246 F.Supp. 1015 (E.D.Pa. 1965); *Hermsmeyer v. A.L.D., Inc., supra.* This case is not unlike *Constant v. Kulukundis,* 125 F.Supp. 305, 306 (S.D.N.Y.1954), in which Judge Edelstein held that plaintiff's claim that "defendants entered a conspiracy 'to defraud and ruin' plaintiff and to obtain control of all of the assets [of certain corporations]" vested in plaintiff's trustee in bankruptcy. I am persuaded by the reasoning of the above cases and so conclude that Moore is not the proper party to bring this action.[2]

---

1. It is undisputed that plaintiff did not list the instant claim in his schedule of assets when filing for bankruptcy.

2. Since all services in connection with the back wages in dispute had been performed prior to the adjudication of bankruptcy, plaintiff's citation of cases dealing with executory personal service contracts is inapposite.

Plaintiff alleges also, though, that because of defendant's fraud he sustained a loss of reputation and pain and suffering personal to him. Whatever aspersion the allegation of deceit may cast on the defendant, the mere fact that plaintiff was misled or deceived resulted in no injury to his own reputation. The situation here is very different from that in *Boudreau v. Chesley*, 135 F.2d 623 (1st Cir.1943), where defendants interfered with plaintiff's ability to earn a living as a banker by spreading false rumors to the Comptroller of the Currency and others as to the plaintiff's incompetence, dishonesty, and criminal tendencies. Moore was not slandered by the defendant. He is not precluded from pursuing a career as an attorney or a law professor simply because he was deceived into not pressing a cause of action against the Wethersfield School of Law. In addition, it is black letter law that damages for mental distress are not ordinarily available in a cause of action for a business fraud. 37 C.J.S. Fraud § 141f at 469.

The complaint should not be dismissed, of course, unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Construing the complaint with great expansiveness, plaintiff seems to contend that as a result of the fraud, he was forced to file for bankruptcy; because of his bankruptcy, his reputation and credit rating have been injured.[3] This inferential chain is unfortunately flawed. First, in an action for fraud, damages are limited to either the out of the pocket loss or the loss of the bargain promised plus any consequential damages which are the direct result of the fraudulent misrepresentations. *Franchey v. Hannes*, 155 Conn. 663, 237 A.2d 364 (1967). The injury to plaintiff's reputation here seems extremely remote from the underlying fraud.

More important, as a matter of law and logic, the fraud or negligence here could not have been a proximate cause of the plaintiff's injuries. When he filed for bankruptcy in June 1976, plaintiff possessed a cause of action against the defendant. This cause of action might be expressed as either a contractual claim for back wages and recission of the prior deferment or as a suit in fraud. In either case, the chose in action was property of the estate. Plaintiff, however, voluntarily chose not to list this claim as an asset. He is foreclosed by his own actions from arguing that the inclusion of the claim against the defendant when added to his other assets would have rendered him solvent. If, on the other hand, plaintiff's debts would have exceeded his assets even with the addition of the claim for back wages, then the defendant's deceit is not even a "but for" cause of plaintiff's subsequent losses.

Finally, plaintiff contends that he is entitled to bring this action because the trustee has abandoned the claim, and it has reverted back to the bankrupt. Plaintiff was adjudicated a bankrupt June 11, 1976. He brought this suit on July 21, 1976. Because plaintiff did not list this chose in action as an asset of his estate, he cannot now claim an abandonment by the trustee. *Hermsmeyer v. A.L.D., Inc., supra* 239 F.Supp. at 741. The doctrine of abandonment applies only where the trustee knows of the existence of the property. When the bankrupt fails to list the asset, he denies the trustee an opportunity to pursue the claim. As the Supreme Court pointed out in *First National Bank v. Lasater*, 196 U.S. 115, 119, 25 S.Ct. 206, 208, 49 L.Ed. 408 (1905):

> "It cannot be that a bankrupt, by omitting to schedule and withholding from his trustee all knowledge of certain property, can, after his estate in bankruptcy has been finally closed up, immediately there-

---

**3.** At least one court has held that plaintiff is precluded from prosecuting an action for such consequential injuries when the underlying claim is vested in the trustee. *Patton v. Fidelity-Philadelphia Trust Co., supra. See also*

*Reichert v. General Insurance Co. of America*, 69 Cal.Rptr. 321, 442 P.2d 377 (1968). *But cf. Wooton v. Central Mutual Insurance Co.*, 182 So.2d 146 (La.App.1966).

after assert title to the property on the ground that the trustee had never taken any action in respect to it. If the claim was of value . . . it was something to which the creditors were entitled, and this bankrupt could not, by withholding knowledge of its existence, obtain a release from his debts, and still assert title to the property."

Plaintiff's claim of abandonment is therefore premature.

The default previously entered against the defendant shall be set aside. Defendant's Motion to Dismiss is granted.

SO ORDERED.