**THOMPSON TOOL CO., INC.**

v.

**Milton ROSENBAUM, Pressed Concrete, Inc., William Hyland, State Leeds, Annex Hardware and Nylo Industries Corp.**

**Civ. No. B–77–208.**

United States District Court,
D. Connecticut.

Oct. 19, 1977.

Robert L. Zink, Stamford, Conn., for plaintiff.

Robert L. Hirtle, Jr., Hartford, Conn., L. Douglas Shrader, Morton R. Ruden, Bridgeport, Conn., Robert C. Faber, New York City, for defendants.

## RULING ON DEFENDANTS' MOTIONS TO DISMISS

DALY, District Judge.

Three defendants have moved for dismissal in two separate motions. The second motion filed by defendant Rosenbaum also contains a motion for summary judgment. All motions are denied.

Plaintiff's complaint contains five counts. The first count alleges infringement of patent No. 3,958,294 in violation of 35 U.S.C. § 281 (1970). This count is based on the allegation that the plaintiff found tools which simulated its patented device in the hands of the defendants' customers. The second count alleges a breach of contract.[1]

---

1. By way of clarification, it is noted that defendant Rosenbaum has not been named in count 2 of the complaint alleging breach of contract in either the original or the amended complaint. The court understands this to mean that only counts 1, 3, 4 and 5 are being asserted against him. There is, therefore, no need to dismiss count 2 with respect to this defendant.

Plaintiff contends that the defendants violated a covenant not to compete which was contained in a contract executed by the parties on February 13, 1975. Additionally, plaintiff claims that this contract was breached by the defendants' substitution of their name for that of the plaintiff on patented devices and by the defendants' failure to pay for goods purchased. The third and fourth counts charge the defendants with unfair competition and interference with prospective advantage. The factual bases for these claims are closely related. Plaintiff asserts that the defendants knowingly copied patented features of the device, passed-off infringing devices as those of the plaintiff, and appropriated plaintiff's marketing channels to their own account. The allegation of fraud upon which the fifth count is based is discussed *infra.*

■ Only three of the reasons given for dismissal merit consideration.[2] The first of these is defendant Hyland's contention that as a matter of law the patent infringement count should be dismissed. Hyland argues that he is not personally liable because at no time did he act in his individual capacity when dealing with the plaintiff. His request for dismissal is based on the fact that the alleged acts of infringement were performed while acting in his official capacity as an officer of Pressed Concrete, Inc. Hyland's contention is premised on the notion that he cannot be personally liable for action taken as an officer of Pressed Concrete. This premise is incorrect. Many cases, too numerous for citation, have held corporate officers personally liable for actions taken in their official capacities. It is well-settled that corporate officers who willfully and knowingly participate in, induce and approve acts of infringement are personally liable. *Claude Neon Lights, Inc. v. American Neon Lights Co.,* 39 F.2d 548, 550 (2d Cir. 1930); *Marks v. Polaroid Co.,* 237 F.2d 428, 429 (1st Cir. 1956); *Dean*

*Rubber Mfg. v. Killian,* 106 F.2d 316, 320 (8th Cir. 1939); *Timely Products Corp. v. Arron,* 303 F.Supp. 713 (D.Conn.1969). Defendant Hyland's challenge to the patent infringement count is without merit.

■ The second ground for dismissal which is worthy of consideration concerns this court's jurisdiction. In both motions for dismissal, defendants argue that jurisdiction over counts 2, 4 and 5 is lacking. These counts allege breach of contract, interference with prospective advantage and fraud, respectively. Plaintiff contends that jurisdiction is founded on 28 U.S.C. § 1338(b) (1970). This statute vests in the federal district courts original jurisdiction over civil actions involving claims of *unfair competition* when such claims are joined with and related to a substantial patent claim. *Stiegele v. Bentley & Schibelle Trading Co.,* 214 F.Supp. 364 (D.Ariz.1960). The language of the statute is limited to substantial and related claims of unfair competition. The plaintiff has cited no authority and we find none which substantiates the contention that this statute also affords jurisdiction over substantial and related claims of breach of contract, interference with prospective advantage, or fraud. Jurisdiction over counts 2, 4 and 5 cannot be based on 28 U.S.C. § 1338(b) (1970).

■ Although plaintiff's counsel failed to mention this point, the court has determined that it is within its discretion to exercise pendent jurisdiction over counts 2, 4 and 5. In *Maternally Yours, Inc. v. Your Maternity Shop,* 234 F.2d 538 (2d Cir. 1956), the Second Circuit announced that it was "committed to a broader view of pendent jurisdiction, at least in those cases involving a substantial federal question under the patent . . . laws within 28 U.S.C.A. § 1338(b)." *Id.* at 544. This view was affirmed in *Research Frontiers, Inc. v. Marks Polarized Corp.,* 290 F.Supp. 725, 728

---

2. Defendants contend that the third count should be dismissed because the plaintiff has failed as a matter of law to state a claim of unfair competition. They base their contention on *Sears Roebuck & Co. v. Stiffel Co.,* 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964), and

*Compco Corp. v. Day-Brite Lighting,* 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964). In contrast to the case at bar, these cases involve unfair competition claims that concern unpatented devices. Defendants' argument is specious.

(E.D.N.Y.1968), which contained claims not unlike the plaintiff's. The proper analysis for pendent jurisdictional claims is now well-settled. Once it has been determined that a valid ground for federal jurisdiction exists, the court may consider nonfederal claims that derive from "a common nucleus of operative facts." *Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800 (2d Cir. 1971); *Solevo v. Aldens, Inc.*, 395 F.Supp. 861, 863 (D.Conn.1975). The controlling test in the Second Circuit was adopted from *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The test states:

> The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole.

*See Leather's Best, Inc. v. S.S. Mormaclynx, supra* at 809. It is, therefore, within the discretion of this court to take jurisdiction over counts 2, 4 and 5. Not only do counts 2, 4 and 5 derive from the same nucleus of facts as count 1, but the interests of judicial economy, convenience and fairness are served by hearing these claims in a single judicial proceeding. It is precisely for cases such as this that the doctrine of pendent jurisdiction has developed. *See* Note, *U.M.W. v. Gibbs and Pendent Jurisdiction*, 81 Harv.L.Rev. 657, 664 (1968).

Both motions to dismiss contain an alternative argument for dismissing count 5. Defendants contend that the allegation of fraud which is the basis of this count fails to comply with F.R.Civ.P. 9(b). This rule requires the circumstances constituting fraud or mistake to be stated with "particularity." The objective of this requirement is to assure that the defendant is apprised of the claim against him and of the acts which allegedly constitute the fraud. *Felton v. Walston & Co., Inc.*, 508 F.2d 577 (2d Cir. 1977).

It is the opinion of this court that the plaintiff's claim contains the requisite particularity. The allegation in question states that the defendants falsely represented that they had no knowledge of the origin of certain tools that allegedly infringed the plaintiff's patent. It further states that this representation was made directly to the plaintiff. The plaintiff's allegation of fraud serves not only to put the defendants on notice of the claim against them, but also to inform the defendants of the specific acts relied on as constituting the alleged fraud. It should be kept in mind that the particularity requirement of F.R.Civ.P. 9(b) must be reconciled with the mandate of F.R.Civ.P. 8(a), which states that all claims must be short and concise. *See* 2A Moore's Federal Practice ¶ 9.03, at 1930 (2d ed. 1975).

The remaining grounds for dismissal are also without merit. It has long been the rule that a complaint should not be dismissed unless it appears beyond a doubt that the plaintiff will be unable to prove a set of facts that will entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Moore v. Slonim*, 426 F.Supp. 524, 527 (D.Conn.1977). Plaintiff's allegations are sufficient to afford him an opportunity to prove his case.

Finally, we must address defendant Rosenbaum's request for summary judgment. This too is denied. At the very least, there is a genuine issue of material fact as to whether defendant Rosenbaum had any complicity in the alleged sale of devices that infringed on the plaintiff's patent. Furthermore, defendant Rosenbaum has failed to demonstrate, in accordance with F.R.Civ.P. 56(c), that he is entitled to a judgment as a matter of law.

The two motions to dismiss and the motion for summary judgment are denied.