**FRIEDMAN, EISENSTEIN, RAEMER & SCHWARTZ, a partnership, Practice Development Institute Ltd., an Illinois corporation, Plaintiffs,**

v.

**Allan B. AFTERMAN, The CPA Consulting Group, Ltd., an Illinois corporation, and Donald W. Bernard, Defendants.**

**No. 83 C 9609.**

United States District Court, N.D. Illinois, E.D.

Dec. 26, 1984.

Leonard A. Nelson, Schoenberg, Fisher & Newman, Ltd., Chicago, Ill., for plaintiffs.

Sherwin D. Abrams, Terry G. Chapman, Abrams, Rifkin & Chapman, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Before the Court is defendants' motion to dismiss the complaint for failure to state a claim and lack of subject matter jurisdiction. For the reasons stated herein, defendants' motion is denied.

In considering a motion to dismiss, the Court must accept all well-pleaded material facts as true and must make all reasonable inferences in a light most favorable to the plaintiff. *City of Milwaukee v. Saxbe*, 546 F.2d 693, 704 (7th Cir.1976). The Court, however, is not required to accept legal conclusions that may be alleged or that may be drawn from the pleaded facts. *Id.* Under these principles, the following facts are assumed as true for purposes of this motion.

Plaintiff Friedman, Eisenstein, Raemer & Schwartz ("the Friedman partnership") is a partnership of certified public accountants doing business in Chicago, Illinois. Plaintiff Practice Development Institute, Ltd. ("PDI") is an Illinois corporation engaged in the business of advising accountants on various areas of the accounting profession. Defendants Allan B. Afterman ("Afterman") and Donald W. Bernard ("Bernard") are certified public accountants doing business in Northfield, Illinois. Defendant CPA Consulting Group, Ltd. ("CCG") is an organization which, like PDI, is engaged in the business of advising accountants on various areas of the accounting profession. Afterman is the principal owner of CCG.

### Copyright Infringement Claim

In Count I of their five-count complaint, plaintiffs allege copyright infringement and invoke the Court's jurisdiction under 28 U.S.C. §§ 1331 and 1338. Plaintiffs allege that the Friedman partnership is the owner of a publication entitled "Practitioners Technical Bulletin," which has been registered with the United States Copyright Office in compliance with the Copyright Act of 1976. See Complaint, ¶¶ 5, 6 and Exhibit A. Plaintiffs further allege that defendants have infringed the copyrighted material by distributing a publication entitled "Accounting & Auditing Update Service." *Id.* at ¶ 7.

In order to state a claim of copyright infringement, a complaint must allege ownership, registration and infringement. 2A *Moore's Federal Practice*, ¶ 8.17[7], at

8–189 (1984). Plaintiffs' complaint alleges facts supporting each element and clearly complies with Rule 8's requirement of a "short and plain statement of the claim." Fed.R.Civ.P. 8(a). Other details of plaintiffs' copyright claim may be obtained by discovery. Defendants' reliance upon *Burns v. Rockwood Distributing Co.,* 481 F.Supp. 841 (N.D.Ill.1979), is misplaced. In *Burns,* the complaint failed to allege that the plaintiff had complied with the registration provisions of the Copyright Act. *Id.* at 845. Here, plaintiffs specifically allege compliance with the Act. *See* Complaint ¶ 6.

### State Law Claims

◼ Plaintiffs invoke the Court's jurisdiction over Counts II through V under 28 U.S.C. § 1338(b) and the doctrine of pendent jurisdiction. Counts II, III and V allege that defendant Afterman breached an employment contract; Count IV charges Afterman with theft of plaintiffs' client mailing lists.

Under 28 U.S.C. § 1338(b), the Court may exercise jurisdiction over unfair competition claims which are joined with a "substantial and related" copyright claim. The Seventh Circuit has outlined two tests for determining whether an unfair competition claim is "related" for purposes of § 1338(b). First, the "more liberal view" holds that two claims are related if they have the same "factual nucleus" required for pendent jurisdiction under *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1965). Second, the "more restrictive view" holds that two claims are related only if they "rest upon substantially identical facts." *Powder Power Tool Corp. v. Powder Actuated Tool Co.,* 230 F.2d 409, 413 (7th Cir.1956). The Seventh Circuit has twice expressly declined to decide which test should be applied in this Circuit. *See Pate Co. v. RPS Corp.,* 685 F.2d 1019, 1026 (7th Cir. 1982); *Particle Data Laboratories, Inc. v. Coulter Electronics, Inc.,* 420 F.2d 1174 (7th Cir.1969). This Court, however, predicts that the Seventh Circuit when faced squarely with the issue, will follow the Second Circuit and adopt the "more liberal view" of § 1338(b). *See Maternally Yours, Inc. v. Your Maternity Shop,* 234 F.2d 538 (2d Cir.1956); *Thompson Tool Co., Inc. v. Rosenbaum,* 443 F.Supp. 559 (D.Conn.1977). Accordingly, the issue in this case is whether plaintiffs' state law claims and the copyright claim are derived from a common nucleus of operative facts.

The facts alleged in Counts II through V are as follows: Counts II and III allege that on May 1, 1981, plaintiffs entered into an employment contract with defendant Afterman. The agreement allegedly provided that Afterman would be employed by plaintiffs as Director of Professional Development. In December, 1982, Afterman voluntarily terminated the employment contract. Paragraph 3 of the employment contract prohibited Afterman from rendering professional services to plaintiffs' clients for a period of three years following termination of his employment. Plaintiffs allege that Afterman breached paragraph 3 by rendering services to plaintiffs' clients and distributing a newsletter entitled "Accounting & Auditing Update Service" to plaintiffs' clients.

In Count IV of the Complaint, plaintiffs allege that Afterman stole plaintiffs' mailing lists of clients during his period of employment. Count V alleges that Afterman breached another provision of the employment contract by not submitting certain royalties to plaintiffs as required by the contract.

It is apparent that the facts alleged in Counts II through V of the Complaint arise from the employment relationship between plaintiffs and defendant Afterman. Issues relating to the scope and terms of the employment relationship between Afterman and plaintiffs will undoubtedly arise at the trial of these Counts. Regarding the copyright claim, defendants apparently intend to contest plaintiffs' ownership rights in the material. The resolution of the ownership issue may turn on the Court's interpretation of the employment relationship between Afterman and plaintiffs. For

these reasons, the breach of contract claims in Counts II, III and V; the theft claim in Count IV; and the copyright claim in Count I derive from a common nucleus of operative facts. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Additionally, these claims are such that plaintiffs would ordinarily expect them to be tried in one judicial proceeding. Given the important policies of conservation of judicial energy and the avoidance of multiplicity of litigation, the Court exercises its discretion, pursuant to 28 U.S.C. § 1338(b) and the doctrine of pendent jurisdiction, to accept jurisdiction over Counts II through V of plaintiffs' Complaint. *See Rosado v. Wyman,* 397 U.S. 397, 405, 90 S.Ct. 1207, 1214, 25 L.Ed.2d 442 (1969); *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The Court, however, retains the option of dismissing Counts II through V without prejudice should plaintiffs' copyright claim be dismissed before trial. *See Buethe v. Britt Airlines, Inc.,* 749 F.2d 1235, 1239– 1241 (7th Cir.1984).

### Conclusion

For all of the above reasons, defendants' motion to dismiss is denied.

IT IS SO ORDERED.