*Poirier v. Blue Seal at Taft Corner, Inc.*, No. 332-3-13 Cncv (Toor, J., Feb. 20, 2015).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| BARBARA FARR POIRIER and MICHELE FARR<br> Plaintiff<br><br>v.<br><br>BLUE SEAL AT TAFT CORNER, INC., d/b/a GUY'S FARM AND YARD<br> Defendant | Docket No. 332-3-13 Cncv |

RULING ON MOTIONS IN LIMINE

This is a fraud case in which Plaintiffs allege they were misled into buying a new kind of feed for their horse, which then suffered an allergy and subsequently died. Defendant moves to exclude evidence relating to the death of the horse, and to exclude claims relating to Plaintiffs' emotional distress.

Death of the Horse

The evidence presented to the court is that the veterinarian cannot say that it is more likely than not that the horse either became ill or died because of eating the new feed. Given that, it would be pure speculation to conclude that the illness or death were related to the feed. It would also be highly prejudicial to Defendant for the jury to hear about the death. The motion in limine is granted. Plaintiffs may not mention the horse's death.

Emotional Distress

Defendant argues that there are no claims for either intentional or negligent infliction of emotional distress in this case, that the allegations do not rise to the level

required for intentional infliction of emotional distress, and that because there was no physical injury here any claim for negligent infliction of emotional distress must fail. Plaintiffs argue that they are entitled to seek such damages in the context of their fraud claims.

The court begins by noting that the complaint fails to allege any emotional distress, and fails to request any damages for emotional distress. The court therefore considers any such claim waived. However, even if it had not been waived the court would not permit such claims to go to the jury for the reasons that follow.

First, there are no allegations in this case that could support a claim of intentional infliction of emotional distress. The standards for such claims are very high, and require actions that are "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency . . . ." Demag v. Am. Ins. Cos., 146 Vt. 608, 611 (1986) (citation omitted) (internal quotation marks omitted). Nothing in this case rises to that level.

There is also no claim in this case for negligence, and thus none for negligent infliction of emotional distress. The only potential basis for such damages here would be in connection with the two claims actually asserted in the complaint: common law fraud and consumer fraud.

Other courts have noted that "[b]lack letter law indicates that emotional distress damages are not recoverable for fraud." Nelson v. Progressive Corp., 976 P.2d 859, 867 (Alaska 1999); *see also* Moore v. Slonim, 426 F. Supp. 524, 527 (D. Conn. 1977) ("[I]t is black letter law that damages for mental distress are not ordinarily available in a cause of action for a business fraud."), aff'd, 562 F.2d 38 (2d Cir. 1977). The Restatement of Torts

describes the damages available for misrepresentation as including only "pecuniary losses." Restatement (Second) of Torts § 549, Measure of Damages for Fraudulent Misrepresentation (1977) (WL updated Oct. 2014). Dobbs notes as follows:

> Fraud, deceit and negligent misrepresentation are economic torts. Although the invasion of an economic interest by tort or contract breach will often cause the plaintiff personal distress, the interest ordinarily protected in such cases is purely an economic interest and does not include interests in personality. Accordingly, the usual rule is that the plaintiff must show pecuniary loss in misrepresentation cases and the damages are limited to such pecuniary loss, with no recovery for emotional distress.

Dan B. Dobbs, Law of Remedies § 9.2(4), at 559–60 (2d ed. 1993), quoted in Nelson, *supra* at 867; *see also* Steven J. Gaynor, Fraud Actions: Right to Recover for Mental or Emotional Distress, 11 A.L.R. 5th 88 (1993) ("Damages in an action for fraud are generally limited to actual pecuniary loss[.]").

There is not unanimity on this point, however. Id. Courts in other jurisdictions are all over the map on the question of whether, and when, emotional distress damages are available in fraud cases. *See, e.g.*, Kregos v. Associated Press, 3 F.3d 656, 665 (2d Cir. 1993) ("New York law awards only 'out-of-pocket' expenses in fraud cases entitling plaintiffs to damages solely for their actual pecuniary losses."); Spooner v. State Farm Mut. Auto. Ins. Co., 709 So. 2d 1157, 1161 (Ala. 1997) ("Emotional distress is compensable in a fraud action."); Nelson, 976 P.2d at 868 ("We believe that the best approach is to permit emotional distress damages under a fraud theory only when such damages are severe."); Kilduff v. Adams, Inc., 593 A.2d 478, 485 (Conn. 1991) (such damages recoverable in fraud cases when "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm"); Hoffman v. Stamper, 867 A.2d

276, 297–98 (Md. 2005) (discussing divergent cases and allowing such damages where there is proof of "physical manifestations" of stress).[1]

Neither party points to any Vermont case addressing this issue, and the court has found none. As noted above, the traditional rule is that only pecuniary damages are available in fraud cases. Thus, in the absence of any different directive from the Vermont Supreme Court, and no persuasive argument from Plaintiff for changing that rule, this court concludes that it should apply the standard rule.

Nor is there anything in the Vermont Consumer Fraud Act to suggest that it intended otherwise. The statute is designed to address fraud in the marketplace, and is thus focused on economic injury. *See, e.g.*, Moore v. Slonim, 426 F. Supp. at 527 ("damages for mental distress are not ordinarily available in a cause of action for a business fraud"); Bates v. Allied Mut. Ins. Co., 467 N.W.2d 255, 260 (Iowa 1991) ("Ordinarily, a successful plaintiff in a fraud action may only recover the benefit-of-the-bargain plus consequential damages. . . . The purpose of this rule is to put the defrauded party in the same financial position they would have been in had the fraudulent misrepresentations been true."); Jourdain v. Dineen, 527 A.2d 1304, 1307 (Me. 1987) ("[F]raud actions are essentially economic in nature and serve to protect economic interests.").

Nothing in the Vermont statute suggests that it intended to address anything other than economic harm. The court sees no basis on which to read emotional distress

---

[1] As one commentator has noted, courts that have allowed such damages "have suggested four possible positions limiting the award of damages for emotional distress: (1) a requirement that the emotional distress be particularly severe; (2) a demand that the plaintiff's pecuniary loss be substantial; (3) a distinction between business frauds and other frauds; and (4) an inclusion of emotional distress damages as part of a punitive damage award." Andrew L. Merritt, Damages for Emotional Distress in Fraud Litigation: Dignitary Torts in a Commercial Society, 42 Vand. L. Rev. 1, 7 (1989).

damages into the statute. *Accord* Gennari v. Weichert Co. Realtors, 691 A.2d 350, 369 (N.J. 1997) ("One reading of the [Consumer Fraud] Act is that a party who suffers any ascertainable loss has standing to sue and can recover three times 'any and all damages sustained.' The alternative, and we believe more appropriate, interpretation is that 'damages' are limited to 'ascertainable loss.' At common law an injured party could recover only for the injuries sustained. Absent a clear expression of legislative intent changing the common-law rule, we are reluctant to read the Act to encompass non-economic losses.").

### Order

The motions in limine are granted.

Dated at Burlington, Vermont this 20th day of February, 2015.

_____
Helen M. Toor
Superior Court Judge